Taylor, Chief Justice.
 

 In construing the act of 1794,
 
 on
 
 which this indictment is framed, it does not seem that the nuisance must necessarily be continuing when the bill is found. The design of the act is twofold; 1st, to fine the owner directly for allowing his slave to hire his own time; and, 2dly, to abate the nuisance if it be continuing, or if it be at an end to pursue the slave in whose person it was committed, in order to have him hired out. Upon the latter branch this prosecution is founded; and although this mode will pnovc inconvenient to future owners ox* hix-ers, by taking the slave out of their possession, yet they take the property
 
 mm mere,
 
 which they must submit
 
 *388
 
 to like any other defect in the title. This construction is unavoidable, otherwise the act might be easily evaded by calling home the slave the day before a grand jury is im-pannelled, and letting him at large again to hire his own time immediately on the adjournment of the Court.
 

 As to the necessity of proceeding by presentment, that is repealed by the subsequent act of
 
 1797, ch.
 
 474.
 
 sec.
 
 3.
 

 It was certainly improper to lay the offence to have been committed after the finding the indictment; but as a day certain is laid before, this may be rejected as sur-plusage. The judgment must be affirmed.