## Gene Hinson v. The State.

### No. 3934.   Decided March 6, 1907.

**1.—Forgery—Indictment—Date.**

In a prosecution for forgery where the recital in the indictment clearly showed that the figures 1690 were placed therein by inadvertence, and that it also contained the correct date, there was no merit in the contention that the indictment showed two dates as to the organization of the grand jury.

**2.—Same—Accomplice—Postponement.**

The statute does not authorize parties indicted for different crimes to be tried first, on the general allegation that they would be material witnesses in behalf of the parties then on trial; and a motion to postpone the trial upon this ground was correctly overruled where the defendant was indicted as an accomplice in forgery in four cases pending against him.

**3.—Same—Other Offenses—Evidence—System—Criminal Knowledge.**

Testimony of extraneous crimes is admissible where they are a part of the res gestæ to show system or intent; but independent contemporaneous crimes, disassociated from the one on trial, are not admissible where the defendant is indicted as an accomplice and the crime of the principal is admitted and there is no question of the method of the forgery. However, circumstances or familiarity between the accomplice and the principal showing criminal knowledge would be evidence.

**4.—Same—Charge of Court—Accomplice.**

Upon a trial for forgery, a charge of the court on accomplice testimony which has been held defective heretofore was error.

**5.—Same—Practice on Appeal—Motion for new Trial—Prolixity.**

Upon appeal from a conviction of forgery, the original motion for new trial should not be embraced in the record where there is an amended motion. Prolixity of the record should be avoided.

Appeal from the District Court of Hill. Tried below before the Hon. W. C. Wear.

Appeal from a conviction of forgery; penalty, three years imprisonment in the penitentiary.

The charge on the accomplice was as follows: "* * * You are

instructed that a conviction cannot be had upon the testimony of an accomplice unless the same is corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense, etc.   *   *   *"

The opinion states the case.

*J. D. Basham & C. F. Greenwood,* for appellant.—On question of other crimes: Clark v. Commonwealth (Ky.), 63 S. W. Rep., 740; Mercer v. State, 66 S. W. Rep., 555; Price v. State, 65 S. W. Rep., 909; Kessinger v. State, 71 S. W. Rep., 598; Walker v. State, 72 S. W. Rep., 401 and 861; McAnally v. State, 73 S. W. Rep., 405.

*F. J. McCord,* Assistant Attorney-General; *J. E. Clark,* County Attorney, for the State.—On question of proof of other offenses: State v. Nixon, 20 S. W. Rep., 364; McGlasson v. State, 40 S. W. Rep., 503; Holt v. State, 45 S. W. Rep., 1016; Taylor v. State, 81 S. W. Rep., 935.

BROOKS, JUDGE.—Appellant was convicted of accomplice to forgery, and his punishment assessed at three years confinement in the penitentiary.

Appellant filed a motion to quash the indictment, first on the ground that same shows two dates as to the organization of the grand jury, to wit: July Term A. D. 1690, and 1906, and second, because the first part of the indictment which charges forgery has the words, "Against the peace and dignity of the State" between said allegation of forgery and portion of the indictment which charges accomplice to forgery. The second count of the indictment which charges accomplice to passing a forged instrument has the same allegation against the peace and dignity of the State between the allegation of passing and the allegation of advising, encouraging and assisting in the passing. The first clause of the indictment reads this way: "In the name and by the authority of the State of Texas. The grand jurors for the County of Hill, State aforesaid, duly organized as such at the July Term, A. D. 1690, 1906, of the district court of said county, upon their oaths in said court, present that J. W. Bullard on or about the 26th day of June, A. D. 1906, and anterior to the presentment of this indictment," etc. This recital clearly shows that the 1690 was placed in the indictment by inadvertence, and that the term of court began July, 1906. We do not think there is any merit in this contention.

Appellant made a motion to postpone the trial of this case on the following grounds: That there are four cases pending against appellant in each of which he is charged with the offense of accomplice to forgery; that there are four cases against J. W. Bullard in which he is charged with the offense of forgery; that the defendant is in-

dicted in each of his cases as an accomplice; the said Bullard being indicted separately in each of his cases; that in three of the cases one Clarence Logan is indicted with the defendant as an accomplice also but not in this case; that in all the cases it appears the alleged offenses were committed about the same time; that the State charges and seeks to convict the defendant and said Logan on the theory that they advised, commanded and encouraged said Bullard to commit said offense; that said Logan resides in Hillsboro, is under bond in said cases, and is now in attendance on this court; that said Logan is not indicted in this case but all the others. The defendant does not believe there is sufficient evidence in either case to convict said Logan; that he is a material witness in his behalf; that he expects to prove by said witness that neither he nor the defendant had anything to do with said forgeries; that neither of them were present when the names were signed to any of the instruments made the basis of the prosecution, and that neither of them conspired with said Bullard in said forgeries. This is the substance of a long motion. There is no merit in this motion. The statute does not authorize parties indicted for different crimes to be tried first on the general allegation that they would be material witnesses in behalf of the parties then on trial.

The facts in this case show in substance the following: That J. W. Bullard forged the note for $100 payable to the Sturgis National Bank of Hillsboro and signed his own name as C. E. Jones, and signed the names of W. W. Johnson and M. W. Schofield as sureties, and that the defendant did wilfully, knowingly and fraudulently advise and encourage the said J. W. Bullard to commit the offense of passing said false instrument in writing upon said bank. The State, over appellant's objection, was permitted to prove these facts, and in addition was permitted to prove various and sundry forgeries, committed by the witness Bullard, who turned State's evidence against appellant, upon other banks in the town of Hillsboro. To some of them he signed his name as shown and some as Williams, and to others he signed other names. There is no connection shown between said notes; they were executed to the various banks within a short time one of the other, and the money obtained thereon in most instances. The learned trial court certifies that this testimony of the extraneous crimes was admissible to show system, and cites us to the case of McGlasson v. State, 40 S. W. Rep., 503, as authority for such holding. We do not think that said authority authorized the decision; it is true, many of the authorities lay down the proposition, which is correct, that extraneous crimes are admissible where they are part of the res gestæ to show system or intent, but we do not think these extraneous crimes come within either of the rules. A careful reading of the McGlasson case will show that the extraneous crimes there introduced did tend to show intent if not system, but here we have before us independent crimes committed contemporaneously by the same principal; he forged one note on one bank, signing two parties

names thereto, besides his own, and so on around to three or four other separate and distinct banks. Now the fact that he did not sign his own name to either of these notes would not show system. If there had been any peculiar method resorted to to perpetrate the forgeries, this would be a system under which different forgeries were committed, but there is no peculiar method except he walked into the bank with a note; in this instance with his name signed as Jones and with the names of Johnson and Schofield signed as sureties. Forgeries were committed at other banks in a similar manner. They appear to be disassociated, disconnected and independent one of the the other. These questions were discussed by us at great length in McAnally v. State, 73 S. W. Rep., 404, and Hill v. State, 44 Texas Crim. Rep., 603; Long v. State, 39 Texas Crim. Rep., 537. We refer to said authorities and many others that have been rendered by this court in recent years on this question. There being no system or intent shown by the introduction of the extraneous crimes, it follows that the learned trial court erred in admitting this testimony, since the accomplice in law is entitled to have introduced against him only just such testimony as could be legally introduced against the principal. The record shows here that the principal got upon the stand and admitted his guilt, admitted the forgeries, and hence there was no reason for the introduction of extraneous evidence to prove a fact that was conceded. It could simply serve to prejudice the rights of appellant. It follows, therefore, that the testimony should not have been introduced. We do not wish to be understood as holding that the circumstances introduced as evidence by this record show the familiarity of the accomplice and the principal, their general dealings one with the other, and in short any circumstances that occurred either before the forgery or after the forgery that showed any degree of intimacy and criminal knowledge on the part of the accomplice, could be legally introduced in the trial of this case, but it would be improper, as stated, to introduce the other forgeries, they being independent, separate and distinct crimes. The criminality of each act may be proven under well known rules of law, proving the prior and subsequent contact of the parties charged with the crime. Suppose the principal in this case was on trial and he gets on the stand and admits his guilt, pleads guilty, could it be insisted successfully that the other forgeries could be introduced against him in order to assess his punishment; certainly not, he being entitled to be tried upon the criminality of each act, they being disassociated with each other and in no way come within the rule that authorizes the proof of contemporaneous crimes which show res gestæ, system or intent. There is no question here of the principal's intent; there is no question of the mode and method of the forgeries, and hence no issue of system. The charge of the court on accomplice is defective. See Burrell Oates v. State, 12 Ct. Rep., 921.

The record before us is very voluminous. We find twenty-six bills

of exception covering seventy pages of the record, and a motion for a new trial and an amended motion for a new trial, which together cover twenty-six pages of this record. There is no excuse for such prolixity. In the first place, there is no law for placing in the record a motion for a new trial where there is an amended motion covering all phases of the motion in addition to other matters. We would suggest to counsel in the preparation of their records to eliminate as near as possible all matters from the same that contain no basis for legal discussion.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*