## JIM MAPLES v. THE STATE.

### No. 4173.   Decided May 5, 1909.

**1.—Arson—Charge of Court—Accomplice Testimony.**

Under the decisions of this court the jury must believe the testimony of an accomplice to be true and that his testimony is corroborated in such a way as to connect the defendant with the commission of the crime, and a charge of the court which fails thus to submit the law is reversible error. Following Oates v. State, 51 Texas Crim. Rep., 449, and other cases.

**2.—Same—Charge of Court—Limiting Testimony.**

Any testimony which has a tendency to be appropriated by the jury for any other purpose then that for which it was admitted should be limited in the court's charge.

Appeal from the District Court of Fannin.   Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*McGrady & McMahon,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of arson, and his punishment assessed at five years confinement in the State penitentiary.

In the main charge the court submits the following charge on the question of accomplice: "A conviction can not be had upon the testimony of an accomplice, nor any number of accomplices, unless the jury first believes the accomplice's evidence is true, and that it shows, or tends to show, defendant is guilty; and then you can not convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense." The ninth paragraph of the court's charge is in substance the same, presenting the facts to the jury. This charge has been held by this court as erroneous in the following cases: Oates v. State, 51 Texas Crim. Rep., 449; Hinson v. State, 51 Texas Crim. Rep., 102; Barrett v. State, 115 S. W. Rep., 1187; Newman v. State, 116 S. W. Rep., 577; Tate v. State, 55 Texas Crim. Rep., 397; 116 S. W. Rep., 604. See also case of Jack Early v. State, decided at the present term of this court. For a discussion of the question see said cases. Under the decisions of this court the jury must believe the testimony of an accomplice to be true, and that his testimony is corroborated in such a way as to connect the defendant with the commission of the crime.

Various other insistencies are made in appellant's motion for a new trial, among others that the court did not properly limit the testi-

mony of the impeaching witnesses. We do not deem it necessary, however, to discuss the matters, but will say that any testimony that has a tendency to be unlawfully appropriated for any other purpose than that for which it was admitted should be limited.

For the error discussed the judgment is reversed, and the cause is remanded.

*Reversed and remanded.*