CASE 76.—PROSECUTION BY COMMONWEALTH AGAINST
LLOYD CORNETT FOR BIGAMY.—Sept. 23, 1909.

## Cornett v: Commonwealth

Appeal from Harlan Circuit Court.

M. J. Moss, Circuit Judge.

Defendant convicted and appeals.—Affirmed.

1. Indictment and Information—Time of Offense.—The indictment, which was found October 26, 1908, alleged that accused on the 26th of October, 1909, before the finding of this indictment and in the county and state aforesaid, having a wife then living, as named, to whom accused was legally married in June, 1903, did unlawfully marry another, etc. Held, that accused could not have been misled by the patent error in alleging that the offense was committed on a date after the indictment was found, in view of the further allegation that it was committed before the indictment was found.

2. Bigamy—Prosecution—Defenses.—Under Ky. St. Sec., 1216 providing that whoever, being married, the first husband or wife being alive, shall marry another, shall be confined in the penitentiary, etc., a bona fide belief by one who married another while his first wife was living that she was dead was no defense.

3. Bigamy—Prosecution—Punishment—Mitigation.—A bona fide belief by one who married while his first wife was living that she was dead could be considered by the jury to mitigate the punishment in a prosecution for bigamy.

W. F. HALL and W. C. L. HUFF for appellant.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for Commonwealth.

No briefs—record out of office.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN—
Affirming.

This appeal is from a conviction under the following indictment:

"The grand jury of Harlan county, in the name and by the authority of the Commonwealth of Kentucky, accuses Lloyd Cornett of the crime of bigamy, committed in manner and form as follows, viz: The said Lloyd Cornett on the 26th day of October, 1909, before the finding of this indictment and in the county and state aforesaid. having a wife then living by the name of Sarah Cornett, whose name before she married him was Sarah Lewis, to whom the said Lloyd Cornett was lawfully married on the 5th day of June, 1903, in the county of Harlan, State of Kentucky, did unlawfully marry Frankie A. Creech, against the peace and dignity of the Commonwealth of Kentucky."

Appellant filed a demurrer to this indictment, which was overruled. He then entered a plea of not guilty and upon a trial before a jury he was convicted and sentenced to three years' confinement in the penitentiary. Appellant asks a reversal for the following reasons: First, the court erred in overruling his demurrer to the indictment. Second, the evidence shows his second marriage was consummated under the belief on his part that his first wife was dead. Third, the court failed to instruct the jury as to the whole law of the case. Fourth, the court erred in instructing the jury as to what weight should be given certain evidence introduced. We will consider these propositions in the order stated.

It appears from the indictment, as copied, that it was alleged that appellant committed the offense of bigamy on the "26th day of October, 1909," by marrying Frankie A. Creech, when he at that time had a wife living to whom he was married on the 5th day

of June, 1903.   The indictment was found on the 26th day of October, 1908, which was 12 months before the date of the commission of the offense as alleged in the indictment.   Of course, it was not possible that this could have happened, and it is patent that it was an error on the part of the grand jury in fixing that date.   It was also alleged in the indictment that the offense was committed by appellant at a date before the finding of the indictment and after his first marriage on June 5, 1903.   This made the indictment good, and appellant could not have been misled by the patent error referred to.   In the case of Faustre v. Commonwealth, 92 Ky. 34, 17 S. W. 189, 13 Ky. Law Rep. 347, it was alleged in the indictment that Faustre committed the offense therein charged on a certain day in September, 1891, in Kenton county, Ky.; that he on that day had a living wife, Caroline, to whom he was lawfully married on the 19th of September, 1891, in Ontario, Canada.   In discussing this question the court said:

"Evidently the figures '1891' were by mistake used instead of '1881' to designate the date of the first alleged marriage, for it is not probable both occurred in September, 1891, or that it was intended to be so stated in the indictment.   But section 129, Cr. Code Prac., provides that the statement in the indictment as to the time an offense was committed is not material further than as a statement it was committed before the time of the finding of the indictment, unless the time be a material ingredient in the offense."

The time of the commission of the offense was not material in this case.   All that was necessary for the Commonwealth to allege and prove was that the offense was committed before the finding of the in-

dictment, and that appellant had a wife living at the time, naming her, to whom he was lawfully married, giving the place and date of marriage, if known. This matter was explicitly alleged in the indictment under consideration. Therefore the court did not err in overruling appellant's demurrer thereto. The evidence produced upon the trial shows clearly that appellant married Frankie A. Creech on March 3, 1908, and that his first wife, Sarah, to whom he was married on the 5th day of June, 1903, was then living, which shows clearly that the allegations of the indictment were sustained by the evidence, and that the statute against bigamy had been violated. But it is proper to state that the testimony of appellant shows without contradiction that he had reasons to and did believe that his first wife, Sarah, was dead at the time he married Frankie A. Creech, she having left him within a few months after their marriage in June, 1903, and gone with another man to a point in West Virginia about 200 miles from Harlan county. Some of the members of her family went with her, and her sister Mary wrote to her half brother, Ben Dixon, who remained in Harlan county, that she, Sarah, was dead, and the letter was shown to appellant, which led him to believe that she was dead, and that he had a right to and did consummate a second marriage. After learning, however, that his first wife was not dead, he instituted a proceeding for and obtained a divorce from her, and was remarried to his second wife. It appears from the testimony that appellant had no intention of or knowledge that he was committing a wrong by his second marriage, and he complains that the court erred in not submitting that phase of the case to the jury. This court in the case of Davis v. Commonwealth, 13 Bush, 318, Rog-

ers v. Commonwealth, 68 S. W. 14, 24 Ky. Law Rep. 119, and Rice v. Commonwealth, 105 S. W. 123, 31 Ky. Law Rep. 1354, construed section 1216 of the Kentucky Statutes, the section under which appellant was indicted, and said:

"In the crime of bigamy the felonious intent is not an element in the crime; a person might be guilty of bigamy who in good faith believed that he or she had been lawfully divorced." The section of the statute above referred to is as follows:

"Whoever, being married, the first husband or wife, as the case may be, being alive, shall marry any person, shall be confined in the penitentiary not less than three nor more than nine years. * * *" Under the statute the only question to be considered was: Did appellant have a wife living, from whom he had not been divorced, at the time he married his second wife, Frankie A. Creech? And this was shown without contradiction. Under the statute and the decisions construing it appellant should have sought ex-executive clemency instead of prosecuting this appeal. The lower court permitted appellant to introduce proof showing his good faith in believing that his first wife was dead when he married the second time, but admonished the jury in effect not to consider it as a defense to the prosecution, but only in mitigation of the punishment to be inflicted upon him if they should find him guilty. This was proper, and is the matter complained of in the fourth ground for reversal.

For these reasons the judgment of the lower court is affirmed.