## PLEAS BENJAMIN v. THE STATE.

No. 121. Decided November 17, 1909.

**Carrying Pistol—Charge of Court—Limiting Testimony.**

Upon trial for unlawfully carrying a pistol, where the defendant claimed that the alleged pistol was not a firearm in the terms of the statutes, and the State, upon cross-examination of defendant's witness as to a certain difficulty in which defendant used the pistol, drew out facts showing that defendant had stated that his pistol had missed fire for the first time, etc., and the purpose of this testimony was to impeach said defendant's witness, who denied that the defendant had made such statement, the same should have been properly limited in the court's charge, as requested. Following Maples v. State, 56 Texas Crim. Rep., 99, and other cases.

Appeal from the County Court of Navarro. Tried below before the Hon. J. M. Blanding.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Callicutt & Call,* for appellant.—On the question of limiting the testimony in the court's charge to the question of impeachment: Drake v. State, 25 Texas Crim. App., 293; Crowder v. State, 28 Texas Crim. App., 51; Coker v. State, 35 Texas Crim. Rep., 57, 31 S. W. Rep., 655; Paris v. State, 35 Texas Crim. Rep., 82, 31 S. W. Rep., 855; Owens v. State, 35 Texas Crim. Rep., 345, 33 S. W. Rep., 875; Joy v. State, 41 Texas Crim. Rep., 46, 51 S. W. Rep., 933; Winfrey v. State, 41 Texas Crim. Rep., 538, 56 S. W. Rep., 919; Wilson v. State, 37 Texas Crim. Rep., 373, 39 S. W. Rep., 373.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This appeal is prosecuted from a conviction had in the County Court of Navarro County on the 26th day of April of this year wherein the appellant is charged with unlawfully carrying on and about his person a pistol.

The fact that appellant had what was claimed to be a pistol in the city of Corsicana about the time charged is not denied. His defense was that what was claimed to be a pistol was so wholly lacking in the essentials of a firearm as not to bring it within the definition of a pistol as that term is used in the statute, and on this issue much testimony was offered by him. On cross-examination the witness Johnson was asked if it was not a fact that some two days after the difficulty between appellant and Charlie Bowen, whom he is charged with attempting to shoot, he did not tell Charlie Bowen, Mary Bowen and Effie Johnson that this was his pistol, and that it was the first time it had ever failed to fire, and that the Lord must have been on the side of Bowen on the occasion when the pistol was snapped at him. This was denied by Johnson, and thereafter the State introduced the witnesses named who, on examination, attributed to him, in substance, the language which he had denied.

In this state of the record appellant requested a special charge to the effect that this impeaching evidence was admitted solely for the purpose of impeaching the witness Johnson, and for no other purpose, and that same will not be considered by the jury as proving or tending to prove that the pistol was in a shooting condition. This charge was refused by the court, and for this refusal exception was properly taken. This charge should have been given. This was testimony that might and ordinarily, in the absence of an instruction, would have been applied by the jury and doubtless appropriated by them as affirmative evidence of the condition of the pistol and, therefore, of appellant's guilt. Maples v. State, 56 Texas Crim. Rep., 99, 119 S. W. Rep., 105;

Paris v. State, 35 Texas Crim. Rep., 82, 31 S. W. Rep., 855; Winfrey v. State, 41 Texas Crim. Rep., 538, 56 S. W., 919; Wilson v. State, 37 Texas Crim. Rep., 373, 39 S. W. Rep., 373.

There are other questions in the record some of which will not arise on another trial. We are not prepared to agree with counsel for appellant that there was no evidence in the record from which the jury might have found appellant guilty.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*