### DAY v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. December 17, 1915.)

#### No. 1264.

1. CRIMINAL LAW ☞369—INTERNAL REVENUE—PROSECUTION FOR OFFENSES— EVIDENCE—OTHER OFFENSES.

In a prosecution for carrying on the business of a liquor dealer without having paid the special tax therefor required by law, evidence of sales by defendant prior to the years named in the indictment is admissible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. ☞369.]

2. INTERNAL REVENUE ☞47—PROSECUTION FOR OFFENSES—EVIDENCE.

In a prosecution for carrying on the business of a wholesale liquor dealer without having paid the special tax therefor, the defense was that defendant made the sales as agent for his brother who was a bonded distiller, and as such entitled to make the sales of liquor on which he had paid the tax. Held, that evidence to show that defendant and not his brother was in fact the owner of the distillery was not competent to establish the offense charged.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. ☞47.]

Woods, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of Virginia, at Lynchburg; Henry Clay McDowell, Judge. On rehearing. Reversed.

For former opinion, see 220 Fed. 818, 136 C. C. A. 406.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Charles A. Hammer, of Harrisonburg, Va. (John Paul, of Harrisonburg, Va., on the brief), for plaintiff in error.

Richard E. Byrd, U. S. Atty., of Richmond, Va.

Before KNAPP and WOODS, Circuit Judges, and CONNOR, District Judge.

KNAPP, Circuit Judge. The facts are sufficiently stated in our former opinion. 220 Fed. 818, 136 C. C. A. 406. On petition of the government a rehearing was ordered and the questions involved have been further considered.

[1] As the case appeared at the first hearing, a majority of the court were of opinion that proof of sales in 1909, the year preceding the two years named in the indictment, was improperly received, and for that reason mainly the judgment of conviction was reversed. In the light of the presentation now made, and on the authority of Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162, and other cases brought to our attention, we are constrained to hold that evidence of prior sales was admissible in support of the substantive charge of carrying on the business of a wholesale liquor dealer without a license; and it follows that the judgment should not be reversed because this evidence was admitted.

[2] If this were the only question at issue, it would seem to be our duty to affirm the judgment; but we are of opinion that on other grounds the defendant is entitled to a new trial. The sole offense charged against him is the carrying on of the business named "without having paid the special tax therefor as required by law." He was not ostensibly engaged in that business, but there was proof of sales of liquor by him, apparently on his own account, and of payments to him for the same, by checks drawn to his order and deposited in bank to his own credit, from which the jury might have found, as we shall assume, that he was in fact carrying on business for himself and therefore guilty of the offense for which he was indicted. His defense was that in all the transactions shown he was acting, not for himself, but as agent for his brother, and this was the real question for the jury to determine. In the course of the trial, and as supporting the charge that defendant was not his brother's agent but was himself the principal in making the various sales proven, evidence was allowed tending to show that the distillery which produced the liquor sold, though bonded by his brother, was in reality owned and operated by defendant himself for his own benefit. Indeed, the record indicates that the question to which a considerable part of the testimony was directed, and upon which the controversy seems largely to have turned, was not so much whether defendant was a wholesale liquor dealer as whether he was the actual proprietor and beneficial owner of the distillery.

In point of fact the distillery was bonded by defendant's brother, T. T. Day, for both of the years named in the indictment, and had been bonded by him for a number of years before. The revenue officers appear to have always recognized T. T. Day as the proprietor, and to have dealt with the distillery at all times as owned and operated

by him. And it seems rather inconsistent that the government, whose officials in charge never raised any question as to the ownership of the distillery by T. T. Day, should now undertake to show that defendant was in fact the real proprietor, and this for the purpose of proving that he was a wholesale liquor dealer, and so guilty of carrying on that business without paying the special tax therefor. Moreover, it may be noted in this connection that there has been no fraud upon the government, so far as its revenues from this distillery are concerned. The tax has been paid, nominally, at least, by or for T. T. Day, in conformity with law and the obligations of his bond; and as a distiller he had the right to sell at wholesale, upon payment of the tax for which he had given security, without taking out a license. The government got the full revenue which it had the right to collect, and took the same as and for the tax on the brandy produced at this distillery, and to secure which it accepted the bond of T. T. Day and authorized him to operate the distillery during the years in question. In these circumstances it seems hardly fair to seek to convict the defendant for unlawfully carrying on the business of a wholesale liquor dealer by showing that he was also guilty of illicit distilling, which is an entirely different offense.

The prejudicial effect of the evidence that defendant was running the distillery on his own account, when he was on trial for carrying on another kind of business without a license, is not open to reasonable doubt. For, if the jury found that he was in fact the proprietor of the distillery, which was bonded in the name of his brother, it would almost follow that he was guilty of the offense charged in the indictment; whereas, if the proof had been confined, as in our opinion it should have been, to the question whether the sales and other transactions shown were those of a principal or those of an agent, the jury might have found a different verdict. The error in this regard, which we think has been committed, appears from comparison of the instruction asked and refused, which presented the single question of agency, with the instruction actually given, which coupled the offense charged in the indictment with the ownership of the distillery. The instruction asked was this:

"The court instructs the jury that if they believe from the evidence that Geo. S. Day was the agent of T. T. Day, and was authorized by T. T. Day to purchase the material for and market the products of the distillery mentioned in this case, and collect the money therefor, then such acts upon the part of George S. Day are the acts of T. T. Day, and for which Geo. S. Day is not answerable, and the jury must acquit the defendant."

The instruction given was as follows:

"If you believe from the evidence beyond all reasonable doubt that the defendant made the sales of brandy as testified by the government witnesses in chief, and if you also believe beyond all reasonable doubt that the defendant was in fact the owner and proprietor of the distillery in question at the time said sales were made, you should find him guilty as charged in the indictment, although you may believe that in making such sales the defendant was ostensibly acting as the agent of T. T. Day. On the other hand, if T. T. Day was in fact the proprietor of the distillery, and if, in making the aforesaid sales of brandy, the defendant was in fact acting as the agent of said T. T. Day, you should acquit the defendant."

It is of course well settled that a party is not entitled as matter of right to the precise instruction asked for, however correct and applicable it may be, provided the same instruction in substance is given in another form; and it may be conceded that the charge here considered includes the instruction which was refused. But the difficulty is that the issue of agency was so tied up with the ownership of the distillery that the instruction given was calculated to confuse and mislead the jury. Instead of confining inquiry to the offense charged against the defendant, which turned on the question of agency, the jury were instructed in effect to determine whether he was also engaged in illicit distilling, an offense for which he was not indicted; and, as already suggested, belief that he was operating the distillery without giving a bond led naturally to belief that he was guilty of wholesaling without a license. In short, it seems scarcely too much to say that as a practical matter the defendant was indicted for one offense and tried for another. If it be said that he cannot complain, because the charge in question put upon the government a greater burden of proof than the law imposes, in that illicit distilling had to be found in order to reach a verdict of guilty of wholesaling, the sufficient answer, as it seems to us, is that the former offense does not include the latter, and that there was no warrant for supporting the charge laid in the indictment by proof, perhaps more persuasive, that defendant was guilty of some other wrongdoing. The offense for which he was put upon trial is quite distinct from the offense of illicit distilling, and it seems plain to us that the emphasis placed, during the trial and in the charge, upon the ownership of the distillery was an injustice to the defendant for which a new trial should be awarded.

We adhere to the ruling heretofore made, and for the reasons stated in the former opinion, that the entire record, described as form 25½, should have been received in evidence, though we are not prepared to say that its exclusion, except as to certain entries, was of itself such an error as to require reversal.

Reversed.

WOODS, Circuit Judge (dissenting). I am unable to concur in a reversal of the judgment. The defendant was indicted for carrying on "the business of a wholesale liquor dealer without having paid the special tax therefor as required by law." There was no dispute that T. T. Day, the brother of the defendant, had given the bond and otherwise complied with the law which authorized him to conduct a distillery and to sell the product. The distillery was conducted in the name of T. T. Day by the defendant, claiming to be his agent. The government introduced evidence tending to show that the ownership of T. T. Day was pretensive, that the business was that of the defendant, and that he made sales in his own name and took the proceeds as his own. It seems plain that the defendant could not protect himself, either legally or morally, from the charge of selling liquor at wholesale without paying the tax, by claiming that another person had paid the tax and was authorized to sell. The conduct of the distillery and the sale of the liquor were indissolubly connected; and all evidence

tending to show that the defendant, and not his brother, was the real owner of the distillery, tended also to show that he was selling liquor on his own account, and not as agent for his brother. The defendant cannot complain, therefore, that the court in the following instruction put upon the government the double burden of showing that he had not only sold the liquor, but that he was the real owner of the distillery:

"If you believe from the evidence beyond all reasonable doubt that the defendant made the sales of brandy as testified by the government witnesses in chief, and if you also believe beyond all reasonable doubt that the defendant was in fact the owner and proprietor of the distillery in question at the time said sales were made, you should find him guilty as charged in the indictment, although you may believe that in making such sales the defendant was ostensibly acting as the 'agent of T. T. Day. On the other hand, if T. T. Day was in fact the proprietor of the distillery, and if in making the aforesaid sales of brandy the defendant was in fact acting as the agent of said T. T. Day, you should acquit the defendant."

As to the other point of difference, I repeat the view expressed after the first hearing. The testimony on both sides was very full as to the sales alleged by the government to have been made in the defendant's own name, including the book entries. This was a practical admission by the government that the other sales appeared regularly on the books as made and entered in the name of the defendant's brother, who was authorized to sell.

For this reason it seems to me the defendant was not prejudiced by the refusal to admit the books themselves.