FIRTH et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 3, 1918.)

No. 1606.

1. INDICTMENT AND INFORMATION ⬤⟿87(8)—AVERMENT OF TIME.

An averment in an indictment that the conspiracy charged was formed "on the ———— day of May, 1917," *held* sufficiently definite, where the statute charged to have been violated was enacted on May 18, 1917.

2. CONSPIRACY ⬤⟿43(1)—SUFFICIENCY OF INDICTMENT.

An indictment for conspiracy is not bad for indefiniteness, where it alleges the purpose of the conspiracy, and describes the precise methods taken for carrying it out.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. Conspiracy &⇒33—To Defraud United States—Obstructing Registration for Military Service—"Function of Government."

A conspiracy to prevent persons of draft age from registering as required by law is one to defraud the United States by obstructing a "function of the government."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Governmental Function.]

4. Conspiracy &⇒48—To Prevent Draft Registrations—Instructions.

Instructions, in a prosecution for conspiracy to defraud the United States by preventing registration of persons for military service, approved.

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington; Benjamin F. Keller, Judge.

Criminal prosecution by the United States against Edwin Firth, Hilton Bias, Raymond Green, and Henry Howes. Judgment of conviction, and defendants bring error. Affirmed.

Seymour Stedman, of Chicago, Ill., for plaintiffs in error.
Lon H. Kelly, U. S. Atty., of Gassaway, W. Va.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

WOODS, Circuit Judge. [1] The defendants were convicted under an indictment charging conspiracy "on ———— day of May, 1917, * * * to defraud the said United States, by impairing, obstructing, and defeating a lawful function of the government of the said United States, to wit, the registration for military service of all male persons between the ages of twenty-one and thirty, both inclusive, as provided by the act of Congress passed May 18, 1917." The overt act charged was the circulation of a printed circular in these words:

"Are we facing a militarized America? War has been declared without a referendum vote of the people. Conscription has been thrust on an unwilling people without a referendum. Will compulsory military service be the next questionable innovation? We have newspaper talk about 'Democracy'; let us have it in reality, in our political, social and industrial relations. Demand the referendum on all vital public questions. Demand the repeal of the Conscript Act. West Virginia Legislature is planning to penalize strikes during war time. Oppose it.—Workmen's Council of Defense."

On the circular was a cartoon, representing a German soldier and a member of Congress in grotesque attitudes, and a citizen speaking to the congressman. Under the cartoon were the words:

"American Father: Come now, Mr. Congressman—none of that for my sons."

A demurrer to the indictment was overruled. The statute providing for registration for military service was enacted on May 18, 1917. 40 Stat. 76, c. 15. Obviously the defendants were informed that they were charged with formation of conspiracy in the month of May after the enactment of the statute, for the indictment spe-

cifically alleges that the conspiracy was formed in violation of the statute. Ledbetter v. United States, 170 U. S. 606–612, 18 Sup. Ct. 774, 42 L. Ed. 1162; Day v. United States, 229 Fed. 534, 143 C. C. A. 602.

[2] The indictment is not subject to the objection of indefiniteness, for it not only alleges conspiracy to obstruct registration for military service, but sets forth the precise methods the defendants intended to use to effect that purpose. Crawford v. United States, 212 U. S. 183–192, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392.

[3] Counsel earnestly argued that, since the citizens who were called to register for military service had not commenced any service to the government, exhortation or persuasion to them not to register was not an obstruction of a function of the government. It is too plain for argument that preparation for war by registration for military service is as much a function of the government as the actual waging of war.

[4] There was sufficient evidence of conspiracy to go to the jury, and hence no error was committed in refusing to direct an acquittal of any of the defendants. Detailed statement of the analysis of the evidence would be of no value. The defendants worked together in the same shop, and all were opposed to registration and draft for military service. Printed circulars were placed by the defendant Firth, in the shop, tending to obstruct registration by inducing others to oppose it. The common understanding among the defendants was that these circulars should be distributed by all of them for the purpose for which they were prepared, and there was evidence that each of the defendants did distribute some of these circulars. It was the province of the jury to determine the credibility of the evidence and the inference to be drawn from it. It was not necessary to prove an expressly formulated agreement to obstruct the registration. An unlawful combination may be inferred from conduct, and the conduct of these defendants taken in connection with their admissions was sufficient to warrant the inference of guilt.

Since the evidence on behalf of the government consisted, not only of circumstances, but admissions of the defendants, the instruction based on the assumption that the evidence was entirely circumstantial was properly refused.

We are unable to find any language in the charge expressing the opinion that the distribution of the circulars set out in the indictment did obstruct the registration. On the contrary, the inference of purpose and effect to be drawn from the evidence was in explicit language left to the jury.

Error is assigned in the refusal of this instruction:

"It is your duty to presume the defendants and each of them innocent, and this presumption you should carry with you into the jury room; it is an essential principle of the law of the land and is imposed upon you during your deliberation as a jury."

The District Judge properly charged that the presumption of innocence continues only until it is overcome by evidence which satisfies the jury of the guilt of the accused beyond a reasonable doubt.

Coffin v. United States, 156 U. S. 432, 15 Sup. Ct. 394, 39 L. Ed. 481; Wilson v. United States, 232 U. S. 563, 34 Sup. Ct. 347, 58 L. Ed. 728.

A careful examination of the whole record discloses no error. Affirmed.