## TRAMMELL v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. October 29, 1924.)

No. 2275.

Intoxicating liquors ☞223(1)—Proof of unlawful possession of less quantity than charged will sustain conviction.

Under an indictment charging defendant with unlawful possession of a stated quantity of whisky, proof of possession of a smaller quantity will sustain a conviction.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Criminal prosecution by the United States against John H. Trammell. Judgment of conviction, and defendant brings error. Affirmed.

James D. Poag, of Greenville, S. C. (Bonham, Price & Poag, of Greenville, S. C., on the brief), for plaintiff in error.

Joseph A. Tolbert, U. S. Atty., of Greenville, S. C.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

PER CURIAM. Defendant was convicted on an indictment charging unlawful possession of 2½ gallons of illicit whisky. The indictment also charged a former conviction, which was admitted.

On December 8, 1923, federal prohibition officers and a state constable, under authority of a search warrant, searched a barn and an old distillery building on the land of defendant. The search warrant was secured because officers passing Trammell's house had their suspicions aroused by the large number of parked automobiles and the crowds of men often gathered about the barn. His explanation was that the men came to look at his fine blooded bull. In the barn under a pile of straw the officers found a 5-gallon jug about half full of corn whisky. They also found a gallon jug containing a small quantity of whisky. Defendant at the time of the search was intoxicated. He denied any knowledge of the whisky found. He testified that he owned

a gallon jug, but it had been used by his farm hands, who told him they had returned it to the barn the afternoon preceding the search. He admitted to the officers that he had been drinking, and stated at the trial that on the morning of the search he had drunk the last of a pint of whisky which he had kept in another barn on the place. He testified that he had been suffering from the influenza, and that his doctor had told him a little whisky would be good for it. There was no evidence that whisky was secured on a doctor's certificate.

Exception is taken to the charge of the trial judge:

"He is charged here with possession unlawfully on the 8th day of December last of 2½ gallons of whisky. The quantity is not material, if he had possession of whisky unlawfully at that time or about that time. * * * Something was said about having some whisky there under a doctor's certificate for influenza. I charge you that a doctor's certificate does not authorize a man to violate the law. If that were true, then it would be no protection if, upon the advice of a doctor, one could do what the law says he cannot do. You can easily imagine where we would get and how soon we would have improper doctors, who, for reasons of gain or other reasons, would set loose an orgy of crime. It would certainly be possible if that were true. * * * I charge you that it is not lawful to possess the same because a doctor tells you you should have it."

The District Judge was right in charging that proof of possession of a pint of intoxicating liquor was sufficient to sustain an indictment for the possession of 2½ gallons. Defendant's evidence that at the time and place the officers found the 2½ gallons he had just drunk the last of a pint of whisky kept in another barn proved his guilt under the indictment. Ledbetter v. United States, 170 U. S. 610, 18 S. Ct. 774, 42 L. Ed. 1162; Day v. United States, 229 F. 534, 143 C. C. A. 602.

Affirmed.