## HUNT v. STATE OF INDIANA.

[No. 24,606.    Filed December 6, 1927.]

1. INDICTMENT AND AFFIDAVIT.—*Indictment construed most strongly against the pleader.*—An indictment, like a complaint, will be construed most strongly against the pleader, and a doubt as to an essential fact necessary to constitute the crime charged, caused by an infirmity or repugnancy, will not be held a burden for the accused to carry, the common-law rule concerning who must bear the burden of an infirmity in pleading not being abrogated by the criminal

statute relating to pleading the time of the commission of the offense. p. 552.

2.  INDICTMENT AND AFFIDAVIT.—*Certainty required in indictment cr affidavit.*—Substantially the same certainty is required in an indictment or affidavit as in civil proceedings, but no greater certainty is required.   p. 553.

3.  INDICTMENT AND AFFIDAVIT.—*Affidavit charging commission of crime in "nineteen hundred 1923" was insufficient and subject to motion to quash.*—An affidavit charging the defendant with committing a criminal offense on the 27th day of October "nineteen hundred 1923" must be construed as alleging its commission in 1900 and it was therefore insufficient and subject to a motion to quash because of stating a time beyond the statute of limitations, notwithstanding the provisions of §2225 Burns 1926.   p. 553.

4.  INDICTMENT AND AFFIDAVIT.—*Indictment or affidavit must apprise accused of charge he is to answer so as to enable him to plead former jeopardy.*—The allegations of an indictment or affidavit must be stated with such a degree of certainty that the accused may know what he is called upon to answer and so that he may plead a conviction or acquittal thereunder in bar of another prosecution for the same offense.   p. 553.

5.  INDICTMENT AND AFFIDAVIT.—*Statement of date of offense in words prevails over figures in case of repugnancy.*—Where the date of the commission of the offense charged is expressed by both words and Arabic numerals, and one expression of the date is repugnant to the other, the words should prevail over the figures, notwithstanding the provisions of §2225 Burns 1926 as to the use of figures in an indictment.   p. 553.

6.  INDICTMENT AND AFFIDAVIT.—*Effect of two repugnant allegations of date of commission of crime.*—Where an indictment or affidavit contains two repugnant statements of the date of the commission of the offense charged, one neutralizes the other, and there is no statement of such time.   p. 555.

7.  INDICTMENT AND AFFIDAVIT.—*Indictment or affidavit containing two repugnant allegations of date of offense is subject to motion to quash.*—An indictment or affidavit must allege facts showing that the crime was committed within the period fixed by the statute of limitations, and where there are two repugnant allegations as to the time of the commission of the offense, they neutralize each other and no time is stated, thus rendering the indictment or affidavit subject to a motion to quash on the ground that the facts stated do not constitute a public offense (cl. 2, §2227 Burns 1926).   p. 555.

From Vanderburgh Circuit Court; *Philip C. Gould,* Judge.

Clarence Hunt was convicted of operating a motor vehicle while intoxicated, and he appeals.  *Reversed.*

*William D. Hardy,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

TRAVIS, J.—The question here is whether the facts stated in the affidavit which sought to charge the offense, constituted a public offense; the alleged infirmity being, that the time of the offense was laid in two different years, one of which was without the statute of limitations.

So much of the affidavit (omitting the caption) as will present the alleged error is:  "Ralph Plummer being duly sworn upon his oath says that Clarence Hunt on or about the 27th day of Oct. A. D. nineteen hundred *1923,* at said county, . . . did then and there," etc.  Appellant moved to quash the affidavit for the cause that the facts stated do not constitute a public offense.  (§2227 Burns 1926, Acts 1905, ch. 169, §194 p. 626).

An indictment, in criminal procedure, as a complaint which alleges a civil right, will be construed most strongly against him who pleads it; and a doubt 1. as to an essential fact, necessary to state the crime, caused by an infirmity of repugnancy will not be held a burden for the accused to carry.  The rule of the common law concerning who must bear the burden of an infirmity of pleading, if it appertains to the state, is not abrogated by the statute which had to do with pleading the time of the commission of an offense. (§§2204 and 2225 Burns 1926.)  *Walker* v. *State* (1864), 23 Ind. 61; *Pond, Admr.,* v. *Sweetser* (1882), 85 Ind. 144, 150; *Littell* v. *State* (1893), 133 Ind. 577, 582, 33 N. E. 417; *Payne* v. *Neuval* (1908), 155 Cal. 46, 50, 99 Pac. 476.  The commission of the offense is laid in two different years, one of which is alleged by written words, the

other by Arabic numerals.   It has long been the general rule, which pertains to bills and notes, that where the amount stated in figures, differs from the amount in words in the body of the instrument, the written words control.  Story, Promissory Notes §21; *Bradshaw* v. *Bradbury* (1876), 64 Mo. 334, 336.

A rule, which has relation to criminal law and procedure, and concerns a criminal pleading, the purpose of which is to challenge the life or liberty of a citizen, 2. ought not to be less strict than a rule of pleading in civil law and procedure.  Speculation upon this comparison is futile, under the decisions of the courts of appeal, which have held generally that the same, or substantially the same, but no greater, certainty is required in criminal as in civil pleadings.  *Dukes* v. *State* (1858), 11 Ind. 557, 562; *State* v. *Ensley* (1912), 177 Ind. 483, 501, Ann. Cas. 1914D 1306, 97 N. E. 113.

Applying the above rule of pleading, the written words which state the year in which the offense was committed, and which laid the crime outside of the statute of limitations, control.

Approaching the question from another angle, it may be premised as a matter of law that the allegations necessary to the common intent, as expressed in 3-5. the language of the indictment, though stated with such a degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case (§2224, cl. 5, Burns 1926), must be so certain, that the accused may know therefrom the distinct charge against him. *Respublica* v. *Newell* (1802), 3 Yeates (Pa.) 407, 416, 2 Am. Dec. 381; and that he may plead a conviction or acquittal thereunder in bar of another action upon the same offense. *Williams* v. *State* (1919), 188 Ind. 283, 123 N. E. 209, and that he may know what he is called upon to answer. *Mayhew* v. *State* (1920), 189 Ind. 545, 553, 128 N. E. 599.   By the

common law, an indictment is a written accusation (IV Blackstone, Comm. 302); and by statute in England (4 Geo. II, c. 26 and 6 Geo. II, c. 14) all indictments must be in words at length. Neither could any figures be allowed in indictments, but all numbers must be expressed in words at length. 2 Hale 170, 146; Chitty, Crim. Law (4th Am. Ed.) 170 (*176); *Finch* v. *State* (1843), 6 Blackf. (Ind.) 533; See *Berrian* v. *State* (1849), 22 N. J. Law 9. Although by statute (Acts 1905 p. 625, §192, §2225 Burns 1926), no affidavit shall be deemed invalid and quashed for the "defect." "Third. That dates and numbers are represented by figures," this section of the enactment is not so broad that it covers the whole subject-matter of the question, whereby it may be implied that the common-law rule is abrogated, as in the case at bar, where the date is expressed by both writing and Arabic numerals, and thereby the numerals shall stand and prevail over the written words. Unless the date of the commission of the offense, as alleged by Arabic numerals, prevails over the date in writing, as a matter of law, or *vice versa*, the accused may not know with certainty what he is called upon to answer. Story is in accord with Marius in concluding that where there is a repugnancy between the written words of a number and the number expressed in figures, that, founded upon common sense and experience, a person is more apt to commit error in writing a figure than in writing a word. Story, Promissory Notes (6th ed.) 24, citing Marius, Bills 33, 34. The court is of the opinion that where the date of the commission of the offense, averred in an indictment, is expressed by both written words and Arabic numerals, and one expression of the date is repugnant to the other, the one in written words should prevail. Applied to the case at bar, the time of the commission of the offense is without the statute of limitations.

If the rule concerning repugnancy in relation to bills is inapplicable to a repugnancy in an indictment, yet by virtue of the statute (§2225 Burns 1926), if the date of the commission of the offense was represented by figures alone, the indictment would be good as against the attack by motion to quash because of insufficient facts to state the time of the commission of the offense. *Hampton* v. *State* (1856), 8 Ind. 336. A lenient construction of the statute, in an indictment where the date of the offense is alleged by both written words and figures, where there is no repugnancy, is that the date, represented by figures, stands upon an equal footing with the date alleged in written words. Applying this reasoning to this affidavit, where the date of the commission of the offense alleged in written words, is not in harmony with the allegation of the time by figures, but is repugnant, if the figures are to stand upon an equal footing with the written words, one offsets the other, one neutralizes the other, the two are in a balance; then, because of such repugnance, there is no assertion of the time, even necessary to bring the alleged crime within the period of limitations. *Keller* v. *State* (1875), 51 Ind. 111, 118; *State* v. *Price* (1922), 90 W. Va. 365; *King* v. *Stevens & Agnew* (1804), 5 East's Report (Eng.) 244; *Harwell* v. *State* (1901), 65 S. W. (Texas) 520; *Combs* v. *Commonwealth* (1905), 119 Ky. 836, 840, 84 S. W. 753. 2 Hawkins, Pleas of the Crown (8th Eng. Ed.) ch. 25, §78.

It is unnecessary to decide in this case whether or not the time of the commission of the offense is a material and essential element of the offense, even to show the act is not barred by limitation of time, and the point is not decided. Disregarding the opinion of the court that one allegation neutralizes and offsets the other, and therefore there is no allegation as to time, it seems to be a well-settled rule that the precise

time of the commission of the offense need not be alleged in an indictment, if the precise time is not a material and essential element of the offense; but the alleged offense must be shown by the indictment to have been committed within the time limited to legally begin the action. §2052 Burns 1926, Acts 1905 p. 584; *State* v. *Noland* (1867), 29 Ind. 212; *State* v. *Windell* (1878), 60 Ind. 300; *Hutchinson* v. *State* (1878), 62 Ind. 556; *Fowler* v. *State* (1882), 85 Ind. 538, 541; *Murphy* v. *State* (1886), 106 Ind. 96, 5 N. E. 767; *State* v. *Hendricks* (1802), 1 N. C. 369; *King* v. *Stevens, supra; State* v. *Price, supra;* 1 Wharton, Crim. Proc. (10th ed.) §179, p. 227; Clark, Crim. Proc. (2d ed.) §95, p. 280, 282; 1 Chitty, Crim. Law (4th Am. Ed.) 223. 31 C. J. 681, 684. It is self-evident that the necessary fact of the allegation of the time of the commission of the offense was lacking in the indictment. Wherefore, the court finds that appellant's assigned error based upon the court's ruling in overruling his motion to quash the affidavit, ought to be sustained. The cause is remanded, and the trial court is ordered to sustain defendant's motion to quash the affidavit.

It would be a useless thing to discuss and decide the other alleged errors, *Willits* v. *Ridgway* (1857), 9 Ind. 267, for the reason that another indictment or affidavit cannot be filed within the period of limitation.

Judgment reversed.

Gemmill, J., dissents.

Martin, J., dissents with an opinion.

## DISSENTING OPINION.

MARTIN, J.—I respectfully dissent from the judgment herein.

(1) The purpose of the law in requiring the date of an alleged offense to be placed in the indictment or affidavit is to apprise the defendant of the time of the unlawful

act charged against him so that he may prepare his defense and to show that the offense is not barred by the statute of limitations. I believe that the affidavit here accomplishes these things and is sufficient; and under the following statutes, is good as against a motion to quash:

"The indictment or affidavit is sufficient if it can be understood therefrom: . . . Fifth—That the offense charged is stated with such a degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case." §2224 Burns 1926 (Acts 1905, ch. 169, §191, p. 584).

"No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding be stayed, arrested or in any manner affected for any of the following defects: . . . Second—For the want of an allegation of the time or place of any material fact, when the venue and the time have *once been stated* in the indictment or affidavit. Third—*That dates and numbers are represented by figures.* . . . Eighth—For omitting to state the time at which the offense was committed, in any case in which the time is not the essence of the offense, or *for stating the time imperfectly, unless time is the essence of the offense.* . . . Tenth—*For any other defect or imperfection which does not tend to the prejudice of the substantial rights* of the defendants upon the merits." §2225 Burns 1926 (Acts 1905, ch. 169, §192, p. 584).

This case arose in the city court of Evansville. It is a matter of common knowledge that the large number of affidavits necessarily filed in city or police courts are prepared by deputy prosecuting attorneys by filling in blank forms which are provided for that purpose. The allegation in the affidavit is this case as to the time of the offense, as copied into the transcript is "on or about the 27th day of Oct. A. D. nineteen hundred *1923*,"—"nineteen hundred" appearing in words, followed by an

underlined blank space in which appear the figures or Arabic numerals, "1923."

The appellant was convicted, first in the city court and later in the Vanderburgh Circuit Court, from which this appeal is taken, of operating a motor vehicle, an automobile, while in an intoxicated condition. To me, the proposition that the affidavit can be considered as charging appellant with operating an automobile while intoxicated in the year of 1900, a quarter of a century ago, appears not only illogical, but entirely untenable. If the date 1923 did not appear and the affidavit contained only the words "nineteen hundred" the affidavit would in 1923 be insufficient to charge a crime, *but the figures 1923 are there!* The words "nineteen hundred," followed by the figures 1923 in this affidavit, clearly relate to the century and not to the first year of the century.

In 1900 motor vehicles were not yet in general use and the statute, under which this prosecution was brought, making it unlawful to operate a motor vehicle while in an intoxicated condition, was not enacted until 1923 (Acts 1923, ch. 123, §1). Certainly the appellant cannot honestly claim that he was misled by the affidavit into the belief that he was being prosecuted for driving an automobile while intoxicated on October 27, 1900, instead of on October 27, 1923. The surplus words "nineteen hundred" placed no greater burden of defense upon the defendant, because the year 1900 was not only prior to the enactment of the law but it was far beyond the statute of limitations at the time of this prosecution.

The affidavit, after alleging the offense, concluded in the usual form "then and there being contrary to the form of the statute," etc., and such an allegation is held to be a sufficient allegation that the act was committed *after* the statute was in force; *Firth* v. *United States* (1918), 253 Fed. 36, 136 C. C. A. 36; *State* v. *Ballard* (1812), 6 N. C. 186. A date, alleged in an affidavit as

a date of the commission of the offense, which is many years before the enactment of the statute creating the offense has been held to be an impossible date or no date at all; *State* v. *O'Donnell* (1889), 81 Me. 271, 17 Atl. 66.

Where two dates appear in an indictment, one of which is correct and one of which is impossible and apparently a clerical error, the indictment will not be held bad. 14 R. C. L. 180, §26; *State* v. *Ballamah* (1922), 28 N. M. 212, 210 Pac. 391, 26 A. L. R. 769; *Cornett* v. *Commonwealth* (1909), 134 Ky. 613, 121 S. W. 424, 21 Ann. Cas. 399; *Van Immons* v. *State* (1905), 29 Ohio Cir. Ct. Rep. 681, 19 Ct. Dec. 681; *State* v. *Brooks* (1892), 85 Iowa 366, 52 N. W. 240; *State* v. *Mowry* (1899), 21 R. I. 376, 43 Atl. 871; *Commonwealth* v. *Smith* (1871), 108 Mass. 486.

Where a day certain is laid before the finding of the indictment or affidavit, a later date in the indictment or affidavit has been rejected as surplusage. *State* v. *Woodman* (1824), 10 N. C. (3 Hawks) 384; *Creed* v. *State* (1913), 69 Texas Crim. Rep. 464, 155 S. W. 240; thus leaving the indictment definite and specific as to the date on which it was charged the crime was committed, *State* v. *John* (1904), 124 Iowa 230, 100 N. W. 193, and such an error as to the date does not mislead the accused and is not sufficient to invalidate the indictment. *Commonwealth* v. *Roberts* (1911), 145 Ky. 290, 140 S. W. 313.

In *Hinson* v. *State* (1907), 51 Texas Crim. Rep. 102, 100 S. W. 939, the indictment recited that "the grand jurors . . . duly organized as such at the July term, A. D. 1690, 1906 . . . present that J. W. Bullard on or about the 26th day of June 1906 . . . ." The court said, "this recital clearly shows that the 1690 was placed in the indictment by inadvertance," and held that there was no merit in the contention that the indictment showed two dates.

The correct date "Oct. 27, 1923" was given in the

affidavit, and the evidence in the record shows that there was no dispute as to the offense having been committed on that date. The words "nineteen hundred" referring to the century should either have been completed into a date or stricken out but since they were inadvertently left in, they should be considered as amplified and clarified by the underscored and emphasized figures 1923 or should be disregarded as surplusage and as a clerical error.

The ancient rule that all dates or numbers in an affidavit must be spelled out in words has been changed in this state by statute, §2225 Burns 1926, quoted above, and a charge in an indictment or affidavit in figures as to the time the offense is alleged to have been committed is sufficient. *Hampton* v. *State* (1856), 8 Ind. 366; *Hizer* v. *State* (1859), 12 Ind. 330. I find no case holding that words in an indictment shall *per se* prevail over figures.

The court states and applies what it terms a "general rule which pertains to bills and notes," that as between "*written* words and Arabic numerals" the "*written* words should prevail" citing a similar conclusion "founded upon common sense and experience" by Marius and Story that "a man is more apt to commit error with his pen in writing a figure than he is in writing a word" Story, Prom. Notes (6th ed.) p. 24. The court's assumption, however, that the words "nineteen hundred" were in *writing* (i. e. in the sense of forming characters by the hand) is, I believe, unwarranted. The record or transcript here is in *type* and there is nothing therein contained to show, or even to suggest, that the words "nineteen hundred" in the affidavit as filed were in handwriting. On the contrary it seems to me that "common sense and experience" requires the conclusion that the words "nineteen hundred" were printed words on a blank form and the figures "1923" were written or typewritten in, which fact logically accounts for the

ruled line which follows the word "hundred" and above which the numerals "1923" appear in the record.

I have suggested to the court that a writ of certiorari be directed to the court below requiring the production of the affidavit filed herein, as provided for in §718 Burns 1926, §664 ch. 38, acts of 1881; and §2406 Burns 1926, §344, ch. 169 acts of 1905, believing this to be, preferable to resolving against the state any doubt in the mind of the court as to exactly what the affidavit alleged as to the date.

The general rule stated in the negotiable instruments law, in effect in Indiana §11376 Burns 1926, §17, ch. 63, Acts 1913 p. 120, as in forty-six other states, is much broader than that stated by the court herein as a general rule of bills and notes and provides that: "Where the sum payable is expressed in *words* and also in *figures* and there is a discrepency between the two, the sum denoted by the words is the sum payable" but the remainder of the section, to wit: "but if the words are ambiguous or uncertain *reference may be had to the figures to fix the amount . . . Where there is a conflict between the written and printed provisions of an instrument the written portions prevail*," indicates that even this rule applied to the present case would require the figures "1923" to prevail.

(2) The motion to quash filed by the appellant should have been overruled for the further reason that it was not sufficient to raise the question upon which this court has decided the case.

Section 2227 Burns 1926 (Acts 1905, ch. 169, §194 p. 584) provides for four conditions, appearing upon the face of an indictment or affidavit, under which a defendant may move to quash. Three of these are as follows: "Second—That the facts stated in the indictment or affidavit do not constitute a public offense." . . . "Third

—That the indictment or affidavit contains any matter which, if true, would constitute a  .  .  .  legal bar to the prosecution." "Fourth—That the indictment or affidavit does not state the offense with sufficient certainty."

Appellant moved to quash "for the reason that the facts stated in said affidavit do not constitute a public offense." The facts stated in the affidavit, viz: that appellant:

"On or about the 27th day of Oct. A. D.  .  .  . 1923, at said county  .  .  .  did then and there unlawfully run, drive and operate a certain motor vehicle .  .  .  upon, along and over a certain public highway in said county while he the said Clarence Hunt was in an intoxicated condition, on Lincoln avenue," are sufficient to constitute a public offense. To have presented the question of the effect of the words "nineteen hundred" which appeared between "A. D." and "1923" appellant should have moved to quash on the ground that the affidavit contained matter, which if true would constitute a legal bar to the prosecution or that the affidavit did not state the offense with sufficient certainty. Nothing appears in the record to indicate that the trial court ruled on any question as to the sufficiency of the date set out in the affidavit, or that the question is not raised for the first time on appeal.

(3) But even if the affidavit is considered to be technically defective, the record shows that the appellant has not in any manner been harmed or injured nor have his substantial rights been prejudiced by such defect or by any decision or action of the trial court complained of.

Section 2394 Burns 1926 (§334, ch. 169, Acts 1905 p. 657) is as follows: "In consideration of the questions which are presented upon an appeal, the court shall not regard technical errors or defects, or exceptions to any

decision or action of the trial court which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant." Considering in the light of this statute and the numerous cases which have applied it, the alleged error regarding this defect is harmless and should be disregarded. Even in the early case of *Respublica* v. *Newell* (1802), 3 Yeates (Pa.) 407, cited in the prevailing opinion, the court quoted the remarks of Lord Hale regarding the extreme technical accuracy anciently required, that: "The great strictnesses and unseemly niceties, required in some indictments, tend to the reproach of the law, to the shame of the government, to the encouragement of villainy, and to the dishonor of God."

"It is the policy of modern courts to disregard mere technical objections and to require only that a criminal pleading shall fully state the essential requirements of the offense charged," 14 R. C. L. 172, and although Indiana has been more reluctant to brush aside the technicalities than many other states, it seems to me that this court must ultimately adopt this modern policy. In *Terrell* v. *United States* (1925), 6 Fed. (2d.) 498, where the indictment charged that the appellant "on the_____day of_____in the year 1924, and from thence until and on the_____day of _____, in the year_____," the court said:

> "Error is assigned in overruling the demurrer to the indictment for indefiniteness in the statement of the date of the offense. The indictment advised the defendant of the charge that in 1924, before November 24 of that year, when the indictment was returned by the grand jury, he had been carrying on the business of a retail liquor dealer without paying the special tax. Moreover the record of the trial shows affirmatively that the defendant knew the time and circumstances, and that he suffered no prejudice for lack of a more definite

statement of the date.    The demurrer was properly overruled.    Revised statutes, §1025, (Comp. St. §1691); *Ledbetter* v. *United States* 170 U. S. 606, 612, 18 S. Ct. 774, 42 L. Ed. 1162."

The statute referred to, provides in terms similar to our own statute:

> "No indictment found and presented by a grand jury in any district (or circuit) or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in the matter of form only, which shall not tend to the prejudice of the defendant."

Under a statute requiring the appellate tribunal to disregard "technical errors or defects which do not affect the substantial rights of the parties" it is held in *State* v. *Brooks* (1892), 85 Iowa 366, 52 N. W. 240, that a judgment of conviction under an indictment, amendment of which on the day of trial was permitted for the purpose of correctly stating therein the date of the offense, which had been laid in the future, subsequent to the finding of the indictment by the grand jury, would not be reversed where it appeared that the correct date was stated several other times in the indictment, and it was impossible that the defendant could have been misled by the error.

The appellant who, at all times has been at liberty under bond, was granted five extensions of time in which to file his brief, and this case, after being briefed, has been pending in this court for more than three years.    In the meantime the statute of limitations has long since run and appellant, following the reversal of the judgment on the technical grounds, which necessitates this dissent, cannot again be tried for his violation of the law.

Gemmill, J., concurs in this opinion.