GORDON PLATT *v*. STATE OF INDIANA.

[No. 372A156. Filed November 2, 1972. Rehearing denied December 7, 1972.]

*Maxine Arnest,* of Greenfield, for appellant.

*Theodore L. Sendak,* Attorney General, *Frank G. Kramer,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant (Platt) was indicted for Theft by Deception, convicted by a jury and sentenced to the Indiana State Prison for one to ten years and fined $5,000.00.

Platt's allegations of error fall into two categories and will be so discussed: (1) Inadmissibility of certain evidence and (2) Insufficiency of evidence to sustain the conviction.

The State's evidence showed that on May 26, 1968 Platt arrived, uninvited, at the home of Maggie Rose, 939 W. 32d St., Indianapolis. The Rose home was mortgaged to Meridian Mortgage, Inc. and the mortgage was delinquent and in the process of foreclosure at that time. Platt told Mrs. Rose

that he represented Meridian Mortgage, Inc. and thought he could save her home. Platt was not, in fact, employed by Meridian Mortgage, Inc.

Between May 30, 1968 and February 5, 1969, the Roses paid Platt a total of $964.56 in cash, checks and a money order sent to Platt Realty, none of which were returned. Under the mortgage the regular monthly payments were Seventy-two dollars, or a total of only $432.00 for the statutory six month redemption period.

Mrs. Rose testified that she made the payments to Platt because he represented himself to be a "field worker" for Meridian Mortgage, Inc. and told her that she should pay him what she could until she caught up.

Platt first maintains that certain checks, receipts and a money order (State's Exhibits 2 through 11) evidencing payments made to him by Mrs. Rose, were not admissible. He makes the same contention as to testimony concerning them. Platt in his brief raises several objections to the evidence but many of them were not raised at trial and therefore, cannot be considered on appeal.

The date of the offense charged in the indictment was February 5, 1969. The above payments were made periodically for several months prior to that date. Platt argues that time is of the essence in Theft by Deception and that the deception must precede the obtaining of control of the property.

The pertinent parts of IC 1971, 35-17-5-3; Ind. Ann. Stat. § 10-3030 (Burns Supp. 1972) provide that:

"A person commits theft when he (1) knowingly:

\* \* \*

(b) obtains by deception control over property of the owner

\* \* \*

and (2) either:

(a) intends to deprive the owner of the use of benefit of the property; . . ."

IC 1971, 35-17-5-13; Ind. Ann. Stat. § 10-3040 (Burns Supp. 1972) defines "deception," providing in part:

"(3) 'Deception' means knowingly to: (a) create or confirm another's impression which is false and which the actor does not believe to be true; or

(b) fail to correct a false impression which the actor previously has created or confirmed; or

(c) prevent another from acquiring information pertinent to the disposition of the property involved; or

\* \* \*

(e) fail to correct a false impression which he knows to be influencing another to whom he stands in a relationship of special trust and confidence; or

(f) promise performance which the actor does not intend to perform or knows will not be performed. Failure to perform standing alone is not evidence that the actor did not intend to perform or that he knows the promise will not be performed, except in the following case:"

\* \* \*

That the deception must precede the obtaining of control is implicit by the statutory language: "obtains by deception control." However, this does not mean that time is of the essence of this offense.

In *Dixon* v. *State* (1945), 223 Ind. 521, 62 N. E. 2d 629, the court discussed when time is of the essence:

"Our statutes provide that the precise time of the commission of an offense need not be stated in the indictment or affidavit, and that it is sufficient if the offense is shown to have been committed within the statute of limitations, except where time is an indispensable ingredient in the offense. § 9-1106, Burns' 1942 Replacement. This court has held many times that time is not of the essence of criminal offenses, except where the offense is in doing the thing charged upon a certain date. Ordinarily it is enough to show that the offense was committed before the affidavit was filed and within the statute of limitations. *Crickmore* v. *State* (1937), 213 Ind. 586, 591, 12 N. E. (2d) 266; *Peats* v. *State* (1937), 213 Ind. 560, 567, 12 N. E. (2d) 270; *Hunt* v. *State* (1927), 199 Ind. 550, 555, 556, 159 N. E. 149; *Boos* v. *State* (1914), 181 Ind. 562, 570, 105 N. E. 117."

It follows that Theft by Deception may be proven to have occurred on dates prior to the one specified in the indictment. In the case at bar the dates proven preceded the filing of the indictment and were within the statute of limitations. Therefore, the State was not limited to proof of Theft by Deception on February 5, 1969 and the evidence of payments on other prior dates was admissible.

Platt also objected at trial to the above exhibits because there was ". . . no explanation as to why this money was paid." Mrs. Rose effectively connected the exhibits to the indictment and explained why the money was paid by sayng: "I gave 'em [the cash, checks and money order] to him because as I said the first time he came to my house he represent hisself [sic] as a field worker for Meridian Mortgage . . ."

The trial court correctly ruled the evidence admissible.

Platt finally asserts there was insufficient evidence to support the conviction. In considering the sufficiency of the evidence this court must be guided by the long standing principle:

"This Court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. Washington v. State (1971), 257 Ind. 40, 271 N. E. 2d 888; Davis v. State (1971), 257 Ind. 46, 271 N. E. 2d 893; Grimm v. State (1970), 254 Ind. 150, 258 N. E. 2d 407; Sharp v. State (1970), 254 Ind. 435, 260 N. E. 2d 593; Smith v. State (1970), 254 Ind. 401, 260 N. E. 2d 558; and Langley v. State (1968), 250 Ind. 29, 232 N. E. 2d 611. A conviction must be affirmed, if having applied the rule, there is evidence of probative value from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. Gann v. State (1971), 256 Ind. 429, 269 N. E. 2d 381; Asher v. State (1969), 253 Ind. 25, 244 N. E. 2d 89." Buise v. State (1972), 258 Ind. 321, 281 N. E. 2d 93, and Liston v. State (1969), 252 Ind. 502, 250 N. E. 2d 739.

Obviously Platt obtained control of Mrs. Rose's money. That he did so by deception is evidenced by the fact that Mrs. Rose

made the payments to him because he posed as an agent of Meridian Mortgage, Inc., trying to save her home.

The jury could have properly inferred that Platt intended to deprive her of the money from the totality of the following circumstances:[1]

(1) Platt failed to return the money.
(2) He failed to apply it to the mortgage or in any other manner likely to "save her home" and
(3) He deposited it in and withdrew it from his own bank account without explanation.

The evidence was both admissible and sufficient. Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 288 N. E. 2d 591.

---

1. *Tuggle* v. *State* (1969), 253 Ind. 279, 252 N. E. 2d 796, *Davis* v. *State* (1968), 250 Ind. 54, 234 N. E. 2d 853, and *Kondrup* v. *State* (1968), 250 Ind. 320, 235 N. E. 2d 703.