**Terence Oden WHITE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1080S407.**

Supreme Court of Indiana.

April 8, 1982.

E. Ronald Garnett, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Terence Oden White, defendant-appellant, was convicted of robbery, a class B felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.) and sentenced to a prison term of fourteen years.

Two issues are raised on appeal:

1. Whether the trial court erred in refusing to suppress an in-court identification by an eyewitness because a pre-trial identification procedure violated the due process rights of the defendant.

2. Whether the trial court improperly enhanced the sentence.

I.

Christopher Steward was a State's witness who was to testify during trial that he had been present in a grocery store during an armed robbery and had seen the face of the robber, and could identify the defendant as the robber.

Before the defendant's trial, which was seven months after the robbery, Steward had not been asked to identify the robber in a show-up, line-up, or photographic array. During the trial, but before he was called to testify, Steward was present in the courtroom while the defendant was seated at the defense table. Steward saw the defendant's face. The prosecutor and a police officer showed an array of photographs to Steward and he selected a photograph of the defendant. It appears that Steward was not aware of the man sitting at the defense table was the man accused of committing the robbery, until the prosecutor mentioned that fact. This occurred before Steward viewed the photographs.

When the witness later took the stand, the defense made a motion to suppress on grounds of denial of due process, Steward's testimony regarding the identity of the robber. The specific grounds were that the circumstances of the photographic identification were impermissibly suggestive both as to the validity of the witness' identification of the defendant from the photographs, and as to the in-court identification of the defendant in person, because the prosecutor had pointed out the defendant as the suspected robber to Steward before he viewed the photographs.

After a hearing on the motion to suppress, the trial judge denied the motion, observing that in any courtroom situation witnesses know who the defendant is.

The question on appeal is whether the evidence developed during the suppression hearing led unerringly and unmistakably to a conclusion opposite to that reached by the trial court.

■ We find that the identification from the photographs was impermissibly suggestive in light of the uncontradicted evidence that the witness saw the defendant and was told that he was the person accused of being the robber about twenty minutes before he viewed the photographs. This finding, however, does not resolve the question of whether the witness' in-court identification should have been suppressed.

■ It is well established that an in-court identification by a witness who has participated in an impermissibly suggestive out-of-court identification is admissible if an independent basis for the in-court identification is established. *Evey v. State*, (1981) Ind., 419 N.E.2d 971; *Parker v. State*, (1976) 265 Ind. 595, 358 N.E.2d 110; *Swope v. State*, (1975) 263 Ind. 148, 325 N.E.2d 193. In determining whether there is a sufficient independent basis, we examine the totality of the circumstances of the witness' opportunity to observe the perpetrator during the commission of the crime, including the length of time that the witness was in the presence of the perpetrator, the distance the witness was from him, the lighting conditions at the time, the witness' capacity for observation, and the opportunity to observe particular characteristics of the perpetrator. *Evey v. State, supra; Dillard v. State*, (1971) 257 Ind. 282, 274 N.E.2d 387. In addition, the lapse of time between the alleged act and the pre-trial identification is to be considered. *United States v. Wade*, (1967) 388 U.S. 218, 87 S.Ct. 1926, 1927, 18 L.Ed.2d 1149; *Swope v. State, supra*.

At trial Steward was asked if he would be able to identify the person who robbed the store on the strength of the view he had of him during the robbery seven months earlier. He answered, "I think so." The hearing on the motion to suppress Steward's testimony then followed and when the court ruled against the defendant, the witness continued to testify. Asked if he would be able to identify the person whom he saw robbing the store, he answered, "Yes, I wouldn't have any problems." He then was asked to step behind the person whom he had seen and he stepped behind the defendant. He testified that the lighting conditions in the store were "awful bright." He also indicated how close he was to the defendant when he was in the store. Steward testified that he saw the defendant's face when the defendant first entered the store, and that during the robbery the defendant turned around and looked at him twice.

Under these circumstances, we conclude that there was an independent basis for the witness' in-court identification.

## II.

The defendant claims that the trial court improperly considered as an aggravating circumstance the factor that any lesser sentence would depreciate the seriousness of the crime. The court increased the fixed ten-year prison term for a class B felony by four years, based on its finding of two aggravating circumstances: that the defendant had a history of criminal activity, Ind.Code § 35–50–1A–7(c)(1) (Burns 1979 Repl.) and that imposition of a reduced sentence would depreciate the seriousness of the crime, Ind.Code § 35–50–1A–7(c)(4). The defendant argues that nothing in the evidence supports the finding that the robbery was an aggravated offense since there were no injuries and there was no violence during the commission of the offense. This claim has no merit. The circumstance that a reduced sentence might depreciate the seriousness of the offense does not contemplate aggravating circumstances of the crime itself such as would transform the crime from a class B to a class A felony. Therefore the absence of injuries or violence does not negate the application of Ind.Code § 35–50–1A–7(c)(4). Rather, that circumstance is to be considered in light of the trial court's evaluation of whether a reduced sentence, as imposed on the defendant in the case before it would serve. to depreciate the seriousness of the offense. The record of the sentencing hearing discloses that the defendant was seeking a sentence shorter than the fixed ten-year prison term because of claimed mitigating circumstances relating to his family life, and work and school record.

The trial court was acting within the bounds of its discretion in evaluating these circumstances in the particular case as applying only a negligible mitigating force, and in evaluating the aggravating circumstances in the balance as applying an upward force warranting an enhancement of the prison sentence beyond the fixed term.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.