Herbert & Randall **DELLENBACH,**
Defendants-Appellants,

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 3–1185–A–317.

Court of Appeals of Indiana,
Third District.

June 11, 1987.

1310

Lawrence O. Sells, Indianapolis, for Herbert Dellenbach.

William T. Enslen, Timothy O. Malloy, Hammond, for Randall Dellenbach.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Richard Albert Alford, Deputy Attys. Gen., Indianapolis, for the State.

STATON, Judge.

Randall and Herbert Dellenbach appeal their convictions for multiple counts arising from a furnace scam in which they preyed on elderly homeowners. They raise several issues which we have consolidated as follows:

1. Whether the convictions are supported by sufficient evidence,

2. Whether a material variance existed between the acts charged against Randall and the proof adduced at trial,

3. Whether any of Herbert's or Randall's convictions were for lesser included offenses, and thus contrary to the double jeopardy clause,

4. Whether the court abused its discretion in refusing to give Randall's tendered instruction # 11 regarding multiple convictions, and

5. Whether the court abused its discretion in sentencing Randall or Herbert.

We affirm in part and reverse in part.

The evidence favorable to the State shows that Herbert and Randall Dellenbach owned and controlled U.S. Mechanical Corporation, a heating and air conditioning business in East Chicago, Indiana. Through U.S. Mechanical and its employees, the Dellenbachs conducted a practice in which elderly and physically or mentally infirm home owners were deceived into believing that their furnace, boiler, chimney liner, or chimney cap was dangerously defective. The scheme was accomplished through the use of rigged testing equipment, "downmen" (employees trained to deceive a customer into the belief that his or her heating system was dangerously defective), and intimidation (U.S. Mechanical employees were instructed not to give up on a customer until the employee was "literally thrown out of the house"). For example,

Michael Holdt, an employee of U.S. Mechanical, convinced Marion Bates that her chimney lining, chimney cap, and damper were dangerously defective. To Holdt's knowledge, there was nothing wrong with these items.

Herbert was convicted of one count of conspiracy to commit theft, a class D felony; four counts of attempted theft, a class D felony; two counts of theft, a class D felony; and one count of corrupt business influence, a class C felony. Randall was convicted of one count each of conspiracy to commit theft, attempted theft, and theft, all class D felonies.

When Herbert and Randall failed to appear for sentencing, the court issued bench warrants for their arrest. Not until over two years later were the Dellenbachs, using assumed names, arrested in Illinois.

## I.

### Sufficiency of Evidence

Both Herbert and Randall challenge the sufficiency of evidence supporting their convictions. When we review a challenge to the sufficiency of evidence, we consider only the evidence favorable to the state, together with reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, we must affirm. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

First, Herbert claims there is no testimony, other than that of Michael Holdt, to link him to the crimes for which he was convicted. Herbert and Randall each argue that Holdt's testimony is inherently incredible. Then, both Herbert and Randall point to the lack of personal contact between themselves and the victims.

 We first note that the convictions for conspiracy would not require personal contact between Herbert or Randall and any of the victims. A person conspires to commit a felony when, with the intent to commit the felony, he agrees with another person to commit the felony. Indiana Code 35–41–5–2. When confederates combine to commit an offense, each is responsible for acts committed in furtherance of their common design. *Richards v. State* (1985), Ind., 481 N.E.2d 1093, 1095.

 The convictions for conspiracy may be sustained on the following evidence: first, Herbert and Randall agreed with Holdt, and in fact employed and trained him, to commit theft by deceiving individuals into believing they needed a furnace when they did not. Second, Holdt's overt acts in furtherance of the parties' scheme are attributable to Herbert and Randall. *Richards,* 481 N.E.2d at 1096.

 The Dellenbachs attack on Michael Holdt's credibility must also fail. The matter of the weight given an accomplice's testimony is a matter of credibility to be determined by the jury. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, 1229. We do not find Holdt's testimony "so incredibly dubious or inherently improbable that no reasonable person could believe it." *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 904. Holdt's testimony, which directly implicated Herbert and Randall in the scheme of deception, was sufficient to support their convictions.

## II.

### Variance

Randall next asserts a material variance existed between the information filed and the proof at trial. The indictment charged Randall with committing theft on November 30, 1981, while the testimony at trial indicated that the thefts occurred on either November 20 or November 28, 1981.

 An information must be sufficiently specific to apprise the defendant of the crime for which he is charged to enable him to prepare a defense. *Jones v. State* (1984), Ind.App., 467 N.E.2d 1236, 1241. A variance between the charging information and the proof at trial is material when it 1) misleads the defendant in the preparation of his defense, and 2) subjects him to the likelihood of another prosecution for the same offense. *Id.*

Here, Randall offers only the conclusory statement that "undoubtedly his attorney was severely misled in the preparation of his defense due to his unawareness of the alleged time of the theft." Randall fails to show how he was misled, or how being misled affected the preparation of his defense. Thus, he fails to show that the variance was material, and does not persuade us that the court erred. See, e.g., *Platt v. State* (1972), 153 Ind.App. 605, 288 N.E.2d 591, 592–93, *reh. denied* (theft by deception may be proven to have occurred on dates prior to the ones specified in the indictment).

## III.

### *Lesser Included Offenses*
#### A. Herbert
##### 1. *Attempted theft and conspiracy.*

Herbert argues the court erred in merging the conspiracy conviction into the attempted theft convictions. He asserts the attempted theft charges were lesser included offenses of the conspiracy charge, and that, therefore, he should have been sentenced only for the single conspiracy conviction, rather than being given multiple sentences for the attempted theft convictions.

The proper test for determining when a defendant can be sentenced for multiple offenses in the same trial is the identity of offense test. *Yeagley v. State* (1984), Ind., 467 N.E.2d 730, 736. Double jeopardy does not attach when each count charged requires proof of an additional fact which the other does not. *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306; *Parks v. State* (1986), Ind., 489 N.E.2d 515, 516. In the present case, the conspiracy count could stand without the support of the attempted theft charges because the overt acts included a number of separate victims and thefts.

Our Indiana Supreme Court considered a similar question in *Hopper v. State* (1985), Ind., 475 N.E.2d 20. In *Hopper*, appellants argued that the proof of the substantive charge (kidnapping) was identical to that required to establish a conspiracy charge (conspiracy to commit kidnapping), because the overt act alleged was kidnapping. The court disagreed:

> The State argues any of the acts listed in the series of acts may serve as the overt act in furtherance of the agreement. * * We first note that a showing of any one of the events listed in the series would have been sufficient to support the Conspiracy conviction. The phrase in the Information 'an overt act, to-wit:' might, in some cases, be followed by language describing a single event. In the case at bar, this was not the situation. The jury was instructed the State must allege and prove an overt act. It is reasonable to conclude the jury found one or more of the events in the list was proven beyond a reasonable doubt. We find no reversible error.

*Hopper,* 475 N.E.2d at 24.

In the present case, as in *Hopper*, the information charging conspiracy listed a series of victims and charges:

> Herbert Dellenbach [and] Randall Dellenbach ... did then and there unlawfully and feloniously with the intent to commit theft, a class D felony, conspire, and agree with each other ... to exert unauthorized control over the property, to-wit: money of another person to-wit: *either*, Tom Hughes, William Phillip Speelman, Ethel Hicks, ... Dewey Slack, or Marion Bates, by obtaining, taking, carrying away, or possessing the said property with the intent to deprive *them or anyone of them* of the value and use of said property, and in furtherance of the said felonious conspiracy and agreement to commit theft, the defendant, U.S. Mechanical Corporation, through its agents and employees did perform *any or all of the following overt acts:* [the charging information then listed numerous events taking place over a period of time from February 24, 1979, to November 30, 1981]. (Emphasis added.)

The jury could have found that one or more of the acts alleged supported the conspiracy conviction. Thus, there was no identity of the offenses, and the merger doctrine was not applicable.

## 2. *Theft and Attempted Theft.*

■■ Herbert next argues that his convictions for Count XIII, alleging theft, and Count XIV, alleging attempted theft, constitute only one offense. Herbert is correct. The counts are identical with respect to the identity of the victim, the date, and the manner in which the offense was committed (by creating a false impression in the mind of the victim that he needed a new furnace). The only difference between the two charges is that Count XIII alleges theft of a furnace and Count XIV alleges theft of money.

The prevailing rule is that when several articles of property are taken at the same time, from the same place, belonging to the same person, there is but a single larceny. *Holt v. State* (1978), 178 Ind.App. 631, 383 N.E.2d 467, 472. In *Holt,* the defendant was charged with armed robbery and theft. The property involved in the armed robbery charge was the victim's money, and the property involved in the theft charge was the same victim's car. The court held that the taking of the two separate items set forth in the two separate counts did not constitute two separate offenses justifying two judgments and sentences. *Id.*

In the present case, the State argues that Herbert's convictions for theft and attempted theft were nevertheless proper, pointing to other language from *Holt:*

> The rationale behind [the single larceny rule] is that the taking of several articles at the same time from the same place is pursuant to a single intent and design.

*Holt,* 383 N.E.2d at 472. From this language, the State argues that Herbert had a different intent and design with respect to the victim's furnace (selling it) than he had for the victim's money (spending it).

We read the "intent and design" language of *Holt* differently. Under the State's analysis, if the defendant had taken three dollars from the victim, intending to spend the first dollar on food, the second dollar on clothing, and the third dollar on rigged testing equipment, then three theft convictions would be proper. The single larceny rule must preclude such a result if

it is to have any meaning at all. As the *Holt* court stated:

> The State cannot split up a single offense and make distinct parts of that single offense (e.g., each article of property taken) the basis for separate or multiple prosecutions. (Footnote and citation omitted.) If only one offense is committed, there may be but one judgment and sentence.

*Holt,* 383 N.E.2d at 472.

In the present case, the convictions for theft and attempted theft involve only one victim, one time, and one place, and thus involve but a single larceny. Judgments may not stand on both verdicts. The judgment and sentence on the attempted theft charge is, therefore, ordered vacated.

## 3. *Corrupt business influence.*

■■ Herbert's final argument regarding lesser included offenses involves his convictions for both corrupt business influence under Indiana Code 35–45–6–2 and for the predicate offenses supporting that conviction.

Indiana Code 35–45–6–1 *et. seq.* is Indiana's Racketeer Influenced and Corrupt Organizations Act (RICO). Section 2 of the Act provides, in relevant part, as follows:

> A person ... who is employed by or associated with an enterprise, and who knowingly or intentionally conducts or otherwise participates in the activities of that enterprise through a pattern of racketeering activity; ... commits corrupt business influence, a Class C felony.

A "pattern of racketeering activity" is defined by the statute as follows:

> 'Pattern of racketeering activity' means engaging in at least two (2) incidents of racketeering activity that have the same or similar intent, result, accomplice, victim, or method of commission, or that are otherwise interrelated by distinguishing characteristics that are not isolated incidents. . . .

Here, the two predicate offenses charged were attempted theft and theft. Herbert argues that his conviction for corrupt business influence, as well as for the predicate

offenses, violates double jeopardy in that the two predicate offenses were "used up" in the corrupt business influence conviction.

Herbert relies on the *Blockburger* test to support his argument. The test from *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, is as follows:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. Thus, Herbert argues, since neither of the predicate offenses (theft or attempted theft) requires proof of a fact which the corrupt business influence conviction does not, conviction for the predicate offenses violates double jeopardy.

Herbert's argument is superficially appealing, but incorrect. The *Blockburger* test is a rule of statutory construction, inapplicable where the legislature has clearly indicated that each violation constitutes a separate offense. *Whalen v. United States* (1980), 445 U.S. 684, 691, 100 S.Ct. 1432, 1437, 63 L.Ed.2d 715. In *4447 Corp. v. Goldsmith* (1987), Ind., 504 N.E.2d 559, the Indiana Supreme Court observed that "the Indiana RICO statute ... is essentially patterned after the Federal Anti-Racketeering Laws." *4447*, 504 N.E.2d at 560 (citing *Alvers v. State* (1986), Ind.App., 489 N.E.2d 83, 87). For this reason, and because no Indiana Court has yet ruled on whether convictions for both RICO and the predicate offenses violate double jeopardy, we look to federal cases for persuasive authority.

In *United States v. Hartley*, 678 F.2d 961 (11th Cir.1982), the court examined the federal RICO statute with regard to the *Blockburger* test:

> At first blush it would appear that the predicate offenses and the RICO violation run afoul of the *Blockburger* test. Conviction under RICO does require

'proof of a fact' not required by conviction of the predicate acts; namely, the existence of an enterprise. The predicate offenses, however, fail to possess the requisite 'additional element' to satisfy the edict of *Blockburger*. However, 'the *Blockburger* test is a "rule of statutory construction," and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent.' *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981). We find such a 'clear indication' of legislative intent within the statutory framework of RICO. *United States v. Hawkins*, 658 F.2d 279 (5th Cir.1981). As that court noted, Congress articulated its intent to permit cumulative sentencing when it stated:

> It is the purpose of this Act to seek the eradication of organized crime in the United States by strengthening the legal tools in the evidence-gathering process, by establishing *new penal prohibitions*, and by providing *enhanced sanctions and new remedies* to deal with the unlawful activities of those engaged in organized crime.

Organized Crime Control Act of 1970, Pub.L. No. 91–452, 84 Stat. 923 (1970) (emphasis supplied). Additional support may be found in section 904(b), which states that '[n]othing in this title shall supersede any provision of Federal, State, or other law imposing criminal penalties or affording civil remedies in addition to those provided for in this title.' Pub.L. 91–95, § 904(b). Indeed, the definition of racketeering activity enumerates in some detail the specific crimes which may be used to establish this element for purposes of a RICO conviction. Surely, Congress could not have meant to eliminate the penalties for these crimes by incorporating them as evidence of a more organized method of committing crime. In our opinion, the Congressional intent is clear.

The District Court properly imposed cumulative sentencing for RICO and the

underlying predicate offenses. (Footnote omitted.)

678 F.2d at 991–92 (original emphasis). To similar effect is *U.S. v. Solano*, 605 F.2d 1141, 1143 (9th Cir.1979).

Because the Indiana RICO laws are essentially patterned after the federal RICO laws, and because the federal courts have held that convictions for both the RICO violation and the predicate offenses do not violate double jeopardy, we hold that Herbert's convictions for corrupt business influence, attempted theft, and theft do not constitute error.[1]

### B. Randall

 Randall also asserts the trial court made errors involving lesser included offenses. He argues that his convictions for attempted theft and theft violate Indiana Code 35–41–5–3(b), which provides as follows:

A person may not be convicted of both a crime and an attempt to commit the same crime.

I.C. 35–41–5–3(b) does not preclude Randall's convictions for both attempted theft and theft. The statute only prevents such convictions when they involve *the same crime*. Here, the attempted theft charge was under Count III, and involved activity taking place on July 26, 1979, and the property of William Speelman. The theft charge was under Count XV and involved activity taking place over two years later on November 30, 1981, and the property of Marion Bates. Because the attempted theft and theft charges do not involve the same crime, Randall's convictions on both charges do not violate double jeopardy.

### IV.

### *Instructions*

 Randall argues the court erred by refusing to give his tendered instruction # 11 regarding multiple convictions. The State, in response, points out that Randall has failed to include his tendered instruction # 11 with the transcript of proceedings.

Indiana Rules of Appellate Procedure, Rule 7.2(B), provides: "Parts [of the record] which are not transmitted to the court on appeal shall nevertheless be a part of the record on appeal for all purposes." However, we can consider only those matters which are contained in the record of proceedings submitted to this court. To this end, A.R. 2(C)(3) provides that "the Court of Appeals may direct the preparation and certification of additional record deemed necessary by it for a proper determination of the appeal." However, we do not believe that such sua sponte action is appropriate here. Randall was put on notice by the State's brief that his tendered instruction # 11 had not been included in the record. Rather than petition to supplement the record, as A.R. 7.2(C)(2) would permit, Randall instead did nothing. Given that Randall was made aware of the deficiency, we do not feel compelled to perfect the record for him.

 While the record lacks Randall's tendered instruction # 11, Randall's brief does contain what purports to be a verbatim copy of the instruction.[2] Even considering the merits, we find no error.

When reviewing a challenge to the trial court's refusal to give a tendered instruction, we consider whether the instruction is a correct statement of the law, whether there is evidence in the record to support giving the instruction, and whether the substance of the instruction is covered by any other instructions which were given. *Nash v. State* (1982), Ind.App., 433 N.E.2d 807, 811.

Randall's instruction involved his convictions for both conspiracy and attempted

---

1. Our prior holding that Herbert's conviction under Count XIV for attempted theft was error does not affect our conclusion here. The predicate act of attempted theft supporting the RICO conviction was under Count II, and involved a different victim, different time, and different place. Herbert has not challenged his attempted theft conviction under Count II except as a predicate offense for the RICO conviction.

2. Relying on a party's brief for the exact language of a tendered instruction has obvious shortcomings.

theft. The essence of the instruction is as follows: "Under Indiana law you cannot find Randall Dellenbach guilty of both charges."

Randall's tendered instruction is an incorrect statement of the law. As we observed in § III(A)(1) above, Randall was charged in the conspiracy count with numerous unlawful acts taking place from February 24, 1979, to November 30, 1981, and involving numerous victims. Under *Hopper* (which we discussed in § III(A)(1)), the jury could have found that Randall was guilty of one or more of the unlawful acts charged which did not involve the act against William Speelman charged in count XV. Since this is true, Randall's instruction that he could not be convicted of both conspiracy and attempted theft was an incorrect statement of the law, and was properly refused.

## V.

### Sentencing

Both Herbert and Randall challenge the sentences imposed by the trial court. Our standard of review is provided by rule 2 of the Indiana Rules for the Appellate Review of Sentences which states:

(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed.

### A. Randall

■ Randall's challenge to sentencing comprises three arguments. First, Randall asserts the court erred by considering an improper sentencing factor—Randall's illegal flight from the jurisdiction—in imposing sentence. Randall's argument on this point is foreclosed by our Indiana Supreme Court's opinion in *Anderson v. State* (1983), Ind., 448 N.E.2d 1180. In *Anderson,* the court stated:

Defendant is correct that the trial judge could not properly use uncharged crimes or the acquittals to enhance the presumptive sentences. *McNew v. State,* (1979) [271] Ind. [214], 391 N.E.2d 607. However, we cannot say that the sentence imposed is 'manifestly unreasonable' based on the record. Ind.R.Ap.Rev.Sen. 2(1). Although the trial judge did refer to [an uncharged crime and two crimes for which the defendant had been acquitted], the judge specified other aggravating circumstances to justify the enhanced and consecutive sentences.

As there was in *Anderson,* there is a sufficient basis in the present case—even without considering the uncharged crime—to support enhancement of Randall's sentences. The victims were aged and physically or mentally infirm, and Randall was found deceptive, manipulative, and without remorse. Having found no error on this point, we turn to Randall's other arguments.

■ Randall's next two arguments are sufficiently related that we consider them together. He asserts the court erred by imposing consecutive, rather than concurrent, sentences, and by enhancing the sentences by one year on each count in addition to imposing consecutive sentences.

Our Indiana Supreme Court recently summarized the standard of review with respect to sentence enhancement:

Within the parameters of applicable sentencing statutes, the trial court is vested with wide discretion to determine whether the presumptive sentence will be enhanced because of aggravating factors involving the particular defendant or crime, and whether the terms of imprisonment stemming from multiple convictions shall be served concurrently or consecutively. Thus a trial court may, upon consideration of relevant facts and information, enhance the basic penalties, impose consecutive sentences, *or both.* However, if the trial court enhances the penalties or imposes consecutive sentences, the record must demonstrate that

the determination was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence. *Williams v. State* (1985), Ind., 481 N.E.2d 1319, 1323 (emphasis added).

In the present case, the court made the following observations before imposing sentence:

Mandatory consideration prior to sentencing are [sic] the risk the defendant will commit another crime. I have assessed it as high. The defendant immediately fled after the Jury's verdicts and has been a fugitive ever since. At his arrest in Illinois, he used an alias. The nature and circumstances of the crime committed are, the defendant in company of his father and others was in the business of frightening aged homeowners into thinking their furnaces were defective when they were in good condition and then selling them new equipment at high prices. The defendant's prior criminal record 1980, United States District Court for the Northern District of Indiana, failure to appear and we also have pending charges in this court of battery Class C, intimidation Class D and attempted tampering Class D. The defendant's character is he's evasive, deceptive, manipulative. His condition is he is a 31–year-old, married, white male, high school graduate, non-practicing Lutheran and presently unemployed and the victims—let's see. What was the age of the victim in this one case of theft?

\* \* \* \* \* \*

We don't have any evidence of it, do we? The victims' age is [sic] unknown. In mitigation the defendant has no history of delinquency or serious criminal activity and he—well, I can't say he's led a law-abiding life, can I? The defendant is likely to respond affirmatively to short-term imprisonment because he has not previously had the benefits of prolonged incarceration. The defendant is, however, in need of correctional and rehabilitative treatment that can best be provid-

ed by his commitment [sic] to a penal facility for the reasons that though a suitable candidate for probation and community service, he fled the jurisdiction to avoid any sentence at all. The victims of the crime were mentally and physically infirm in that they were all easily frightened because of their decreased capabilities due to age. The defendant violated the conditions of his post-verdict release. I am using that in aggravation.

Randall claims the court's listing of reasons justifying sentence enhancement is inadequate. We disagree. The court's evaluation of Randall and his crimes fulfills the requirements of *Williams* in that it was based on consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which would be served by that sentence. The determination of the weight to be given the aggravating and mitigating circumstances is a balancing process best undertaken by the trial court. Randall fails to show that the court abused its discretion by enhancing the basic sentences, by imposing consecutive sentences, or by doing both.

### B. *Herbert*

Herbert also challenges the sentences imposed by the court. He asserts his twenty-nine year sentence is manifestly unreasonable because not all the victims were shown to be 65 years of age or older.

Herbert's argument regarding the victims' ages is no doubt based on Indiana Code 35–38–1–7(a)(4), which requires the court to consider "whether the victim of the crime was 65 (sixty-five) years of age or older." Herbert's argument is without merit. It would not have been necessary for the court to find that the victims were over 65 before enhancing Herbert's sentences. The sentencing statute also lists, as a factor the court may consider in imposing sentence, that "[t]he victim of the crime was mentally or physically infirm." I.C. 35–38–1–7(b)(6). The trial court, thus, might reasonably have enhanced Herbert's sentence based on the finding that a victim

was only 64, but that he or she was mentally or physically infirm. And, as Herbert's challenge is only directed to the precise ages of the victims, rather than to whether they were mentally and physically infirm and easily frightened as the trial court found, he fails to show us that the trial court went beyond its statutory authority in sentencing him.[3]

Given our scope of review under *Ind.R. Ap.Rev.Sen. 2(1)*, neither Herbert nor Randall persuades us that his sentence is manifestly unreasonable in light of the nature of the offenses and character of the offender.

Herbert's conviction and sentence under Count XIV for attempted theft is ordered vacated. In all other respects, the judgment of the trial court is affirmed.

GARRARD, and CONOVER, P.JJ., concur.

---

**3.** Significantly, Herbert does not challenge any of the other findings which support enhancement of the basic sentences. For example, the court found that Herbert's "continuing criminal enterprise was a direct violation of a permanent injunction issued by the Jasper Circuit Court on June 21, 1976." The court also found that Herbert had violated the conditions of his post-verdict release. We cannot say that these factors would be insufficient to justify the court in enhancing the basic sentences.