**Leonard I. SWEDARSKY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 71A03–9011–CR–491.

Court of Appeals of Indiana, Third District.

April 18, 1991.

---

Michael P. Rehak, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Leonard I. Swedarsky appeals his convictions for corrupt business influence[1] and theft,[2] presenting the following two issues for review:

I. Whether the trial court's sentencing of Swedarsky for the predicate offenses of theft as well as the offense of Corrupt Business Influence violated the constitutional provisions against double jeopardy.

II. Whether the trial court erred in its assessment of aggravating and mitigating factors for sentencing purposes.

We affirm.

Swedarsky pled guilty to one count of corrupt business influence and four counts of theft arising out of a scam whereby he solicited money from several individuals on the pretext of starting various businesses and converted the money for his personal uses. The trial court sentenced him to six years for the violation of the Racketeer

Influenced and Corrupt Organizations Act (RICO) and two years on each of the four counts of theft, all sentences to run consecutively. He appeals the trial court's sentencing determination.

## I.

### Included Offenses

Swedarsky first contends that the trial court erred in failing to determine that the theft charges, as predicate offenses upon which the RICO charge was based, were lesser included offenses of the RICO charge. He concedes that we decided this precise issue in favor of the State in *Dellenbach v. State* (1987), Ind.App., 508 N.E.2d 1309, but argues that since we looked toward federal caselaw in *Dellenbach* as persuasive authority, and federal courts now utilize the Federal Sentencing Guidelines, 18 U.S.C.A. Appendix 4, we should reconsider our decision in *Dellenbach*.

In 1987, pursuant to a mandate from Congress,[3] the federal courts began using an intricate and comprehensive system of sentencing designed to promote honesty, uniformity, and proportionality in sentencing for federal crimes. *See* Guidelines, 1A3. Simply put, the guidelines assign points to types of crimes, criminal history, and other aggravating and mitigating factors to produce a point range within which the judge may choose a sentence. There is no parallel to the Federal Sentencing Guidelines in Indiana law.

Swedarsky argues that the guideline for federal RICO convictions[4] evinces a legislative intent that predicate RICO offenses merge into the overarching RICO offense. Thus, since we looked to federal authority in construing the Indiana RICO statute in *Dellenbach*, Swedarsky argues that we should find that the predicate offenses

1. IND.CODE 35–45–6–2.

2. IC 35–43–4–2(a).

3. 28 U.S.C. § 994(a).

4. Section 2E1.1 of the Guidelines provides:

**2E1.1 Unlawful Conduct Relating to Racketeer Influenced and Corrupt Organizations**
(a) Base Offense Level (Apply the greater):
(1) 19; or
(2) the offense level applicable to the underlying racketeering activity.

merge into the overarching RICO offense for purposes of an Indiana RICO conviction.

Although it is true that the federal law on sentencing has changed, more significant is the fact that the relevant Indiana caselaw and statutes have remained the same since our decision in *Dellenbach*.[5] We might find it necessary to reconsider our rationale in *Dellenbach* if Indiana had adopted a sentencing scheme similar to the Federal Sentencing Guidelines and federal precedent indicated that predicate offenses were not to be considered in sentencing for federal RICO violations, but such is not the case. We are aware of no cases which have addressed this issue under the Sentencing Guidelines. However, the comments to the guidelines themselves indicate that conviction and sentencing for a RICO violation subsequent to a conviction for a predicate offense is permissible.[6]

Finally, Swedarsky relies upon *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 to support his double jeopardy argument. There, the Supreme Court enunciated the following rule:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. The *Blockburger* test is a rule of statutory construction. *Dellenbach, supra,* at 1315. As such, it necessarily depends upon the parameters which the legislature has chosen to erect as it delineated the offense. If the legislature clearly indicates that each violation constitutes a separate offense, the rule is inapplicable. *Id.* In *Dellenbach,* we found that the legislature intended to allow sentencing on both the predicate offenses and the RICO offense. Assuming that Swedarsky is correct that Congress intended to disallow consecutive sentencing for predicate offenses and federal RICO offenses when it approved the Sentencing Guidelines, that would not affect our holding in *Dellenbach.* It would merely mean that Congress has chosen more closely drawn parameters for sentencing for the federal statute.

Thus, we decline the invitation to reconsider our holding in *Dellenbach.* The trial court's sentencing of Swedarsky on the RICO count as well as the predicate offenses of theft did not violate the prohibition against double jeopardy.

## II.

### *Aggravating and Mitigating Factors*

Swedarsky contends that the trial court incorrectly applied the statutory criteria for aggravating and mitigating circumstances. At the sentencing hearing, in response to Swedarsky's argument that the sentence should be mitigated due to the nonviolent nature of the crime, the trial court stated:

> ... I take exception to the defendant's counsel's characterization of this as a non-violent crime. It may be nonviolent

---

5. IC 35–38–1–6, relating to judgment and sentence when the defendant is charged and found guilty of an offense and an included offense, and IC 35–41–1–16, defining "included offense," have not been changed since *Dellenbach.* However, in 1990, IC 35–38–1–7, relating to considerations in imposing a sentence, was repealed and replaced with IC 35–38–1–7.1. The new statute differs from the prior statute as it relates to sex crimes or controlled substance crimes where the crime presents a risk of the transmission of human immunodeficiency virus (HIV). The new statute also permits the consideration of victim impact statements. These modifications have no effect on the present case.

6. Application Note 4 to Guideline 2E1.1 provides:

> *Certain conduct may be charged in the count of conviction as part of a "pattern of racketeering activity" even though the defendant has previously been sentenced for that conduct.* Where such previously imposed sentence resulted from a conviction prior to the last overt act of the instant offense, treat as a prior sentence under § 4A1.2(a)(1) and not as part of the instant offense. This treatment is designed to produce a result consistent with the distinction between the instant offense and criminal history found throughout the guidelines. If this treatment produces an anomalous result in a particular case, a guideline departure may be warranted.
> (Emphasis added).

in physical terms, but I find it to be violent and repugnant in moral terms. I find no mitigating factors whatsoever.

Record, pp. 190–191.

■ Swedarsky argues that the trial court incorrectly redefined the meaning of "violent" and used the nature of the crime as an aggravator rather than a mitigator. However, it is clear from the record that the court merely refused to view the nature of the crime as a mitigating circumstance. The court named a number of aggravating circumstances, including Swedarsky's prior criminal history, his need for correctional treatment in a penal facility as evidenced by his failure to participate in counseling ordered as a condition of a previous probation, his apparent lack of remorse, the existence of more than one victim, the ongoing nature of his criminal activity, and the fact that one of the victims was over 65. The trial court also found that the aggravating circumstances outweighed the mitigating circumstances, justifying the imposition of consecutive sentences. The absence of physical injuries or violence does not negate the application of an enhanced sentence. *White v. State* (1982), Ind., 433 N.E.2d 761, 763. The determination of the weight to be given aggravating and mitigating circumstances is for the trial judge to determine; a finding of mitigating factors is not mandatory and rests within the sound discretion of the trial court. *Gilley v. State* (1989), Ind., 535 N.E.2d 130, 133. We find no abuse of discretion.

Affirmed.

HOFFMAN and CONOVER, JJ., concur.