**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARYAN SPEARS**
Gilroy Kammen Marya & Moudy
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RUBEN GARCIA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 12A05-1112-CR-646 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLINTON CIRCUIT COURT
The Honorable Linley E. Pearson, Judge
Cause No. 12C01-0403-FC-111

**June 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Ruben Garcia challenges his sentence following a plea of guilty to Class C felony dealing in marijuana.[1] Garcia argues his sentence is inappropriate given the nature of his offense and the trial court relied on improper aggravating factors but did not find mitigating factors supported by the record. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 15, 2004, Ruben Garcia and Daniel Barreiro were driving on Interstate 65 in Clinton County, Indiana. An Indiana State Trooper stopped the truck. The Trooper discovered 261.5 pounds of marijuana. Garcia admitted he knew the marijuana was in the truck and he intended to deliver it. The State charged Garcia with Class C felony dealing marijuana. Garcia posted bond, then left Indiana.

On January 18, 2005, Garcia was arrested with cocaine in Texas and charged with intent to deliver. Garcia pled guilty to the felony and was sentenced to 135 months in the Federal Bureau of Prisons followed by five years of federal supervised release. On January 18, 2006, Garcia "failed to appear for his guilty plea hearing" in Indiana and a warrant was issued for his arrest. (App. at 12.)

While serving his sentence in Texas, Garcia sought to resolve his pending felony marijuana charge in Indiana and sent letters to the trial court inquiring about the status of his case. Garcia was extradited to Indiana and, in August of 2011, he pled guilty to Class C felony dealing in marijuana. The trial court imposed the maximum sentence allowed under the plea agreement – six years, with four years to be executed in the Indiana Department of

---

[1] Ind. Code § 35-48-4-10(a)(2).

2

Correction and two years to be suspended to probation. It noted Garcia was dishonest and committed two other similar crimes while out on bond.

## DISCUSSION AND DECISION

The sentencing statute in effect at the time a crime is committed governs the sentence for that crime. *Harris v. State*, 897 N.E.2d 927, 928-29 (Ind. 2008). Garcia's crime occurred in March of 2004, at which time the sentence for a Class C felony was a presumptive sentence of four years, with a maximum of eight years and a minimum of two years. Ind. Code Ann. § 35-50-2-6 (West 2004).

Presumptive sentences were standard sentences prescribed by the legislature for every class of crime. *Francis v. State*, 817 N.E.2d 235, 237 (Ind. 2004). The presumptive sentence was the starting point for deciding the length of any sentence. Then, a sentencing court had limited discretion to enhance a sentence to reflect aggravating circumstances or to reduce a sentence to reflect mitigating circumstances. *Id.* When imposing a sentence under this scheme, the trial court was required to identify significant aggravating and mitigating circumstances, give a reason why each circumstance was classified as aggravating or mitigating, and demonstrate balancing of those circumstances. *See Gregory v. State*, 604 N.E.2d 1240, 1241 (Ind. Ct. App. 1992). "A trial court may enhance a presumptive sentence based upon the finding of only one valid aggravating circumstance." *Bradley v. State,* 765 N.E.2d 204, 209 (Ind. Ct. App. 2002).

1.    Abuse of Discretion

Trial courts are granted broad discretion in imposing sentences, including the

3

consideration of aggravating and mitigating circumstances, and we will reverse a sentencing decision only for an abuse of that discretion. *Cherry v. State,* 772 N.E.2d 433, 436 (Ind. Ct. App. 2002), *trans. denied.* A judge does not have to afford the same weight to the proffered mitigating circumstances as the defendant suggests. *Herrera v. State*, 679 N.E.2d 1322, 1326 (Ind. 1997). "The trial court is not obligated to explain why it did not find a factor to be significantly mitigating. Indeed, a sentencing court is under no obligation to find mitigating factors at all." *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003).

The trial court's sentencing order noted:

1. After posting bond in this Cause, the defendant left the state of Indiana and committed similar crimes in both Texas and Mississippi.
2. The defendant has been arrested on drug offense [sic] on three occasions. The defendant is accountable for 261 pounds of marijuana seized in this offense as well as 1899 pounds of Marijuana seized by ICE Agents in Meridian, Mississippi, on July 19, 2004, and 45.5 kilograms of cocaine seized by ICE Agents in Plano, Texas, on January 18, 2005. According to the Federal PSI, in all three instances, the defendant was with Daniel Barreiro.
3. The defendant has been incarcerated since 2005 for federal Drug charges.
4. The defendant was arrested for two similar crimes while out on bond on this Cause.
5. The defendant failed to appear for his Guilty Plea Hearing set on January 18, 2006.
6. This officer has assessed the defendant using the Indiana Risk Assessment System Community Supervision Tool (IRAS-CST) and has determined that without the appropriate interventions, the defendant is at moderate risk to reoffend.
7. The defendant has been dishonest about his substance use history.
8. Further imprisonment of the defendant would cause undue hardship on his two children.

(App. at 12.) The trial court also granted Garcia "324 good time days for time spent in confinement [in Indiana] while this charge was pending." (*Id.* at 13.)

4

Garcia contends the trial court should have found a mitigator in his lack of a serious criminal history at the time of his Indiana offense. When considering a defendant's criminal history, the trial court properly may consider a conviction that occurred after the instant offense but before sentencing. *Robertson v. State*, 871 N.E.2d 280, 287 (Ind. 2007) (court could find aggravator in criminal history based on conviction occurring between instant offense and sentencing). Garcia's arrest and federal conviction of possession and delivery of cocaine occurred while he was out on bond and before sentencing in this case. The court properly considered Garcia's federal conviction of possession and delivery of cocaine as part of his criminal history and was well within its discretion to find Garcia's criminal history aggravating rather than mitigating. *See id.* (conviction during time between offense and sentencing was proper aggravator at sentencing).

Garcia also argues the trial court should have considered as a mitigating fact that his crime did not cause or threaten serious harm to people or property, and that he did not contemplate causing any harm. The absence of injuries or harm resulting from a crime does not necessarily amount to a mitigating factor. *White v. State*, 433 N.E.2d 761, 763 (Ind. 1982). The record establishes Garcia transported over 260 pounds of marijuana with the intent to distribute it to others. Because the trial court is not obliged to find any fact mitigating and is obliged only to explain the circumstances surrounding substantial mitigating facts, we cannot say the trial court abused its discretion by not finding a mitigator in the alleged harmlessness of Garcia's crime.

Given the trial court's broad discretion in the determination of aggravating and

mitigating factors, it was not required to find as mitigators that Garcia had little criminal history or that his offense did not cause harm.

2.    Appropriateness of Sentence

We will not disturb a lawful sentence unless it is inappropriate based on the character of the offender and the nature of the offense. Ind. Appellate Rule 7(B); *Boner v. State*, 796 N.E.2d 1249, 1254 (Ind. Ct. App. 2003). The defendant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Garcia has not carried his burden.

Garcia contends his six year sentence, with two years suspended to probation, is inappropriate in light of the fact he is already serving a 135-month sentence, with five years of supervised release, in the Federal Bureau of Prisons. Garcia argues his children will be substantially harmed by his incarceration, and he asserts his awareness of the wrongfulness of his actions and his willingness to accept punishment, as exhibited by his guilty plea, should be considered factors in favor of a lower sentence.

When Garcia was arrested, he was in possession of more than 260 pounds of marijuana. This quantity of marijuana far exceeds what was necessary to establish the elements of the offense. *See* Ind. Code § 35-48-4-10(a)(2) (the amount of marijuana must be over ten pounds or three hundred grams for a Class C felony). Garcia freely acknowledged the marijuana was his and he intended to deliver the marijuana as part of a drug transaction. Because Garcia possessed twenty-six times the amount of marijuana necessary for his conviction, we cannot say that a six-year sentence, with two years suspended to probation is

6

inappropriate. *See Delao v. State*, 940 N.E.2d 849, 853 (Ind. Ct. App. 2011) (rejecting inappropriateness claim and affirming forty-two-year sentence for dealing cocaine because Delao possessed four times the amount required for conviction), *trans. denied*.

As for his character, Garcia fled Indiana while out on bond and did not appear for his guilty plea. While out on bond, Garcia continued his criminal drug activities, which resulted in his arrest in Texas where he possessed approximately 100 pounds of cocaine. Furthermore, Garcia was dishonest with his probation officer about his substance abuse history. These factors do not reflect positively on Garcia's character. *See Donnegan v. State*, 809 N.E.2d 966, 979 (Ind. Ct. App. 2004) (Donnegan's continued drug dealing while on bond reflected poorly on the his character); *Bennett v. State*, 833 N.E.2d 888, 894 (Ind. Ct. App. 2008) (flight while on bond showed poor character).

Given Garcia's crime and his character, we cannot say his sentence is inappropriate.

## CONCLUSION

The trial court did not abuse its discretion by not considering as mitigating factors Garcia's criminal history or Garcia's perception his crime was harmless. Neither can we say a six year sentence is inappropriate in light of the nature of Garcia's crime and his character.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.